## NEWSOM vs. HUEY.

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Presumption in favor of regularity of pleadings.*—When a demurrer has been sustained by the primary court, the appellate court will presume, unless the record affirmatively shows the contrary, that the causes of demurrer were specified, as required by the statute.
2. *Effect of demurrer.*—Under section 2253 of the Code, which requires a specification of the grounds of demurrer, a demurrer to a plea cannot be visited upon the complaint.
3. *Who is proper party plaintiff.*—It is not necessary, under section 2129 of the Code, that an action for a breach of warranty of the soundness of a slave should be brought in the name of the party really interested.
4. *Form and requisites of plea.*—A plea which assumes to answer the whole complaint, but does not negative the cause of action set out in one of the counts, is demurrable.
5. *Waiver of objection to competency of witness.*—After the testimony has been closed, and the argument of the cause has commenced, a party cannot claim, as a matter of right, that the testimony of interested witnesses, who were examined without objection on his part, should be excluded from the jury.
6. *General objection to evidence.*—A general objection to evidence, a part of which is admissible, may be overruled entirely.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by James G. L. Huey, against Silas Newsom, and was commenced on the 23d February, 1858. The complaint contained two counts; the first claiming $1800 damages for a breach of warranty of the soundness of a slave, named Jack, which had been sold by defendant to plaintiff on the 16th March, 1857; and the second claiming $1100, with interest from the 16th March, 1857, as so much money had and received by defendant for the use and benefit of plaintiff. The defendant filed three special pleas, each averring, in substance, that the plaintiff was not the party really interested in the suit. The judgment entry shows that the plaintiff

demurred to these pleas, and that his demurrer was sustained by the court; but the demurrer itself is not set out in the record, nor does it appear what (if any) causes of demurrer were specified. The defendant then pleaded the general issue, "in short by consent, with leave to give in evidence any matter that might be specially pleaded;" to which the plaintiff filed a replication, "with like leave." On the trial, the defendant reserved several exceptions to the rulings of the court on the evidence, which, however, require no special notice; and he now assigns as error all the rulings of the court, adverse to him, on the pleadings and evidence.

JOHN T. HEFLIN, for appellant.

L. E. PARSONS, and JOHN WHITE, *contra*.

A. J. WALKER, C. J.—We cannot sustain the appellant's assignment of error, that there was no specification of the grounds of demurrer to the appellant's pleas. The record does not affirmatively show that the demurrer was defective in that particular, and we cannot presume such deficiency.

[2.] There was no error in the failure to visit the demurrer to the pleas upon the complaint. The visitation of demurrers upon the antecedent pleadings of the party demurring is, in effect, abolished by the Code.—Henly v. Bush, 33 Ala. 636.

[3–4.] The first count of the complaint was for a breach of the warranty of the soundness of a slave. It was not a count upon "a promissory note, bond, or other contract, express or implied, for the payment of money;" and section 2129 of the Code does not require that a suit upon the cause of action set forth in that count should be "in the name of the party really interested."—Henly v. Bush, 33 Ala. 636; Skinner v. Bedell's Adm'r, 32 Ala. 44; Bryan v. Wilson, 27 Ala. 208. There was, therefore, no error in sustaining the demurrer to the defendant's three special pleas, which went to the entire action, and contained no matter of defense to the first count.

[5.] After the testimony had been closed, and the argu-

ment of the cause had commenced, the appellant could not claim, as a right, that the testimony of interested witnesses, who were examined without objection, should be excluded.—Borland v. Mayo, 8 Ala. 104; Prosser v. Henderson, 11 Ala. 484.

[6.] If any of the testimony objected to by the appellant was inadmissible, the objection was a general one, to the admission of it in connection with other evidence which was legal.

The judgment of the court below is affirmed.