## WHITTEN AND WIFE *vs.* GRAVES.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Presumption in favor of judgment; specification of grounds of demurrer.* When a demurrer has been sustained by the primary court, the appellate court will presume, unless the record affirmatively shows the contrary, that causes of demurrer were specified as required by the statute, (Code, § 2253,) and, if the pleading to which the demurrer was sustained is defective, will presume that the demurrer was sustained on account of that defect.

2. *Parties to proceedings; when husband and wife must join.*—A petition, filed in the probate court, in the name of the husband alone, asking the correction of alleged errors in the final settlement of the accounts and vouchers of his wife's late guardian, is demurrable on account of the non-joinder of the wife.

3. *Amendment of judgment nunc pro tunc; presumption in favor of judgment.*—When a decree is rendered *nunc pro tunc,* as on final settlement of a guardian's accounts, which recites that "it appeared to the satisfaction of the court, from the records of the court, and from the papers on file relating to the settlement", &c., while the contents of the records and papers are not set out, the appellate court will presume that they authorized the decree which was rendered.

4. *Construction and validity of decree on final settlement of guardian's accounts.*—When a decree of the probate court, rendered on final settlement of a guardian's accounts, shows on its face that the guardian has delivered to the ward's husband all the property which came to his hands, its validity is not affected by an additional order that he retain the balance found due him "out of any assets in his hands"; such order has no other force or effect than a certificate of the balance due him.

APPEAL from the Probate Court of Lowndes.

In the matter of the final settlement of the accounts and vouchers of Peyton T. Graves, as guardian of *Christiana* (or *Anna*) Turner, a minor, now the wife of Charles H. Whitten. The letters of guardianship were granted by said probate court on the 5th November, 1863; and the guardian filed his accounts and vouchers for a final settlement on the 23d December, 1865. On the 22d January, 1866, a decree as on final settlement was rendered by the court, but it was not entered on the minutes. On the 16th May, 1866, Charles H. Whitten filed his petition in the court, asking the correction of alleged errors in the account, as stated and allowed by the court. "On the day set for the hearing of said petition", as the bill of exceptions states, "the defendant demurred to the petition, and to each part thereof; and on this demurrer the plaintiff joined issue. The court sustained the demurrer, and overruled the petition; to which rulings of the court the plaintiff excepted. The matter was then continued until the 20th day of June, 1866, when the said Peyton T. Graves came by attorney, and also the said Anna Whitten and Charles H. Whitten by attorney; and the said Graves moved the court to enter on the minutes, *nunc pro tunc*, a decree rendered on the 22d January, 1866, on the final settlement of his accounts as guardian of said Anna, in the words and figures following:

"Peyton T. Graves, guardian, *vs.* Anna Whitten, formerly Turner, and Charles H. Whitten, her husband. This 22d day of January, 1866, came the said Peyton T. Graves, guardian as aforesaid, and also came Philip H. Cook, esq., the guardian *ad litem* of the said Anna, appointed by this court; and it appearing to the satisfac-

tion of the court that the said Peyton T. Graves heretofore, to-wit, on the 23d day of December, 1865, filed his account, vouchers, and evidences, for a final settlement of his said guardianship; and the said account, vouchers, and evidences, having been examined by the said guardian *ad litem*, and he making no objection to the same; and it appearing that due notice of the time and place of this settlement was given, by putting up notice of the same more than three weeks before the 22d day of January, 1866, the time set for said settlement by former order of this court, on the courthouse-door, and at three other public places in this county, there being no newspaper published in this county; the court proceeds to hear the matters pertaining to this account, and to consider the evidences submitted relating thereto. Whereupon it is shown by sufficient proof, that the said guardian has received as assets of said ward's estate sixteen bales of cotton, valued at thirty-two hundred dollars, and other personal property to the value of twenty-five hundred and eighty dollars; which cotton and other personal property, it is shown by proof, has been turned over by said guardian to Charles H. Whitten, the husband of said Anna. It further appears, by sufficient proof, that the said guardian has received no money assets belonging to said ward. It further appears from an inspection of said account, and from the proof relating thereto, that the said guardian has expended for the necessary support and maintenance of his said ward, the sum of four thousand seven hundred and ninety-five 93–100 dollars in Confederate money; for which amount the court now allows him, from proof submitted, a credit of four hundred and seventy-nine 59–100 dollars. It also appears, that the said guardian expended the following amounts in the proper execution of his guardianship—to-wit, to James Harrison, eighteen dollars; to Clements & Williamson, fifty dollars; court cost, twenty-four 90–100 dollars, and also six hundred dollars, which it is shown the said guardian has paid to his said ward, through the said Charles H. Whitten, her husband; all of which amounts are allowed by the court. The court allows the said guardian the amount of one hundred and thirty-five 34–100 dollars, as commissions for expenditures

as above stated, and the further sum of one hundred and fifty-two dollars as commissions on the value of the personal property turned over to the husband of his ward. It appears from the above that the whole amount expended by the guardian for his ward, including commissions allowed, is fourteen hundred and sixty 33–100 dollars; which amount it is ordered and decreed, that the said guardian retain out of any assets in his hands, belonging to his said ward. And said account appearing to be full and correct, it is considered and decreed by the court, that said accounts be, and the same are hereby in all things, passed and allowed as above stated. It is further ordered, that said account be recorded, and that all vouchers, evidences, and settlements relating thereto, be filed in this court. It is further ordered, that said P. T. Graves be discharged from any further duty as guardian as aforesaid, it appearing that his said ward intermarried in the spring of 1865 with Charles H. Whitten, who is over the age of twenty-one years."

The bill of exceptions, or the decree, then proceeds as follows: "And now, it appearing to the satisfaction of the court, from the records of this court, and from papers on file relating to the settlement in which the above decree was rendered, that the said decree was rendered on said 22d January, 1866, and has not been entered on the minutes of the court, it is therefore ordered, adjudged, and decreed, that the decree above set forth be now entered on the minutes, *nunc pro tunc,* as the proper decree on said settlement rendered on said 22d January, 1866" The bill of exceptions, in another place, contains this recital: "Only the following entry being made on the records of the court to show that a settlement had been made, to-wit: 'January 22, 1866, Decree on final settlement.'" "The said Charles H. and Anna Whitten resisted the said motion of said guardian, and objected to the rendition of said decree *nunc pro tunc,* and asked that the motion be dismissed; but the court overruled their objections, and entered up the decree *nunc pro tunc;* to which rulings of the court the said Charles H. and Anna Whitten excepted."

The appeal is sued out, according to the certificate of the probate judge, "from a decree rendered in said probate

court on the 20th day of June, 1866, overruling a petition by said C. H. Whitten, in right of his wife, to correct alleged errors in the account-current on final settlement of said P. T. Graves as guardian of said Anna Whitten, and granting a motion of said Graves, as guardian aforesaid, to enter up a final decree on final settlement, *nunc pro tunc*, as of the 22d January, 1866." The several rulings of the court to which exceptions were reserved, and the final decree, are now assigned as error.

W. C. GRIFFIN, for appellants.
CLEMENTS & WILLIAMSON, *contra*.

BYRD, J.—1. The appellant, C. H. Whitten, filed a petition, which is set out in full in the bill of exceptions; and it appears from the bill that the appellee interposed a demurrer to the petition, and that the court sustained the demurrer, and overruled the petition. In the absence of grounds of demurrer assigned, we must presume that some were assigned *specially*, in order to sustain the ruling of the court below.—*Newsom v. Huey*, 36 Ala. 37.

The next question is, whether we are bound to look into the petition, to see if any special ground could have been assigned, which should have been sustained. A party complaining of the action of an inferior court, must affirmatively show error. If a demurrer is sustained to the pleading of such party, and the pleading is perfect, then error so appears. As the husband alone filed the petition in his own name, this was a defect which could have been reached by a demurrer; and therefore we must presume that the court sustained it on that ground.—36 Ala. 37; *Pickens v. Oliver*, 29 Ala. 528.

3. A motion was made to enter a decree *nunc pro tunc*, which was heard on a different day from the demurrer to the petition. The bill of exceptions shows that the decree was ordered to be entered, and the order is set out, which recites that it appeared " to the satisfaction of the court, from the records of this court, and from papers on file relating to the settlement ", &c. The bill of exceptions does not show what were the contents of the records, or papers

on file; and we must intend, in the absence of their contents, that the court was authorized therefrom to make the order.

4. The decree, upon its face, is regular, and is a final decree; and it clearly appears that the guardian had delivered to the husband all the property of his wife which had been in the possession of the guardian. The order in the decree, that the guardian "retain the balance due him out of *any* assets in his hands belonging" to his ward, has no force or validity further than a certificate of a balance due the guardian; it appearing from the decree that the guardian had no assets of his ward in his hands.

There is no error, and the decree must be affirmed.

JUDGE, J., not sitting, being disqualified by relationship to one of the parties.