## GILBERT *vs.* BECK et al., Admr's.

### [SUBSTITUTION OF LOST RECORDS.]

1. *Substitution of lost records ; parties to a motion for.*—In a proceeding to substitute a decree, under the act of 18th January, 1866, the proper practice is to make the motion in the name of all the parties in whose favor the decree is rendered. If any of them are unwilling to join in the motion, any of the other parties have a right, by securing the costs, to use their names. The notice to be given in such a case, must correspond in this respect.

APPEAL from the Probate Court of Walker.

THIS was a motion by the appellant in the court below to substitute a decree, the original records of the court having been destroyed in 1865 by the burning of the court house.

The facts of the case are stated in the opinion of the court.

Wm. S. Ernest, for appellant.
Saml. F. Rice, and J. W. Hampton, *contra.*

BYRD, J.—It does not appear in what respect the court required the appellant to amend the notice. The statute (Pam. Acts of 1865–6, p. 48,) makes the notice "the basis of the motion." It appears, from the motion of appellees to dismiss the motion of appellant, that the decree proposed to be substituted was rendered on the final settlement of the estate of Sarah Gilbert, deceased, and was in favor of appellant and others, distributees of the estate, and the notice describes it as in favor of appellant "as one of the distributees of said estate."

The decree proposed to be substituted, as set out in the bill of exceptions, shows that it was in favor of appellants and others. In this state of the record we are left to presume that the court below required the appellant to amend his notice so as to include the names of all the parties in whose favor the decree was rendered. In such a case the proper practice is to make the motion in the name of all the parties in whose favor the decree is rendered. It will not do to allow a separate proceeding in the name of each party; and all the parties to the decree must be made parties to the motion. If any of them are unwilling to join in the motion, any of the other parties have a right, by securing the costs, to use their names. Upon principle and the analogies of the law, we hold that the unity of the decree, as to parties, must be preserved in a proceeding under the statute of January 18, 1866.—*Moore vs. McGuire,* 26 Ala. 461.

The court below, therefore, would properly have required the appellant to amend his notice in this respect, which is made the basis of the motion, and he having declined to conform to the order of the court, the proceedings were correctly dismissed.—*Bondurant v. Sibley's Heirs,* 37 Ala. 565.

And we are authorized, upon the record, to presume that such was the requisition of the court which the appellant declined to comply with, in order to affirm the judgment of the probate court.—36 Ala. 37, 95, 236.

Affirmed.