# Handy v. The State.

*Indictment for Rape.*

1. *Restriction of § 5447 of the Code.*—There appears to be no legislative intent that sec. 5448 of the Code should repeal § 5447; they must be construed together, and thus construed the second named section is restricted in its operation to cases where the age of the girl does not exceed ten years.
2. *General verdict; referred to good count.*—Where there is a good and a bad count in an indictment, and the jury are not required to specify as to which count their finding is had, a general verdict of conviction will be referred to the good count, and a general judgment rendered thereon is not reversible error.
3. *Abstract charge, what is.*—Charges asked are properly refused as abstract which are founded in part on a fact not appearing in evidence.
4. *Motion to quash venire, when bad.*—A motion to quash the venire on the ground that the list of jurors served on the defendant was not signed by the sheriff is without merit.
5. *Motion to call juror, when properly overruled.*—A motion by the defendant in a criminal case to call a juror who is drawn in his case from the consideration of another case in which the juror is engaged, is properly overruled.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

Virge Handy was indicted as shown in the opinion. He moved to quash the *venire* because a list of jurors served on him as required by the statute was not signed by the sheriff. The defendant asked two charges. The first was that if the jury believed that the girl was over ten and under fourteen years of age and consented to the act, then they may find him guilty under the second count of the indictment and must assess a fine, etc.; the second was that if the jury believed that the girl consented to the unlawful act and was over ten years of age they must acquit the defendant. The other facts appear in the opinion.

No counsel for the defendant is shown by the record.

CHAS. G. BROWN, Attorney General, for the State.

SHARPE, J.—The indictment contains two counts, the first charging that the defendant "forcibly ravished Annie Bell McCall, a woman, in said county and State." The second count charges that he "did carnally know or abuse in the attempt to carnally know Annie Bell Mc-Call, a girl under the age of 14 years."

The second count is evidently drawn under the terms of section 5447 of the Code. That section received its present form from the joint committee of the General Assembly appointed to examine the present Code; its intention being to change section 3739 of the Code of 1886 so as to make the offense described in that section apply when the age of the girl was under fourteen years instead of confining it to cases where the age was under ten years as by the former statute, and also to reduce the minimum term of imprisonment to ten years instead of for life.

On the 15th day of February, 1897, the act was approved by which the same criminal act committed upon a girl between the age of ten and fourteen years was made a misdemeanor, punishable by fine of not less than fifty nor more than five hundred dollars, to which could be added imprisonment in the county jail for six months. The last named act being passed subsequent to the 20th day of January, 1897, was by the terms of the act adopting the Code left in full force (see act of February 16, 1897) and was by the Code Comissioner inserted in the Code as section 5448, but there appears no legislative intent that it should operate to repeal section 5447 in toto. The two sections standing together in the Code are inconsistent in respect only of cases where the age of the girl who is the subject of the offense is between ten and fourteen years. They must be construed together and effect must be given to both so far as they are consistent, and so construed it appears that section 5447 is by the other section named restricted in its operation to cases where such age is not exceeding ten years.

[Handy v. The State]

The second count of the indictment in describing the age of the girl as under fourteen years, without averring whether it was over or under ten years, was uncertain as to which offense was intended to be charged. It was not demurred to, however, and there was no motion to quash. The first count contained a separate and sufficient charge of rape.

As to the evidence the bill of exceptions contains only the following statement: "The evidence without conflict showed that the offense, if committed, was committed in Elmore county in May, 1898. There was evidence tending to show the guilt of the defendant, and evidence tending to show his innocence, under either count of the indictment. The evidence without conflict showed that the female named in the indictment was eleven years old on the 22d of September, 1898." Under such condition of the pleading and proof a conviction might well have been had of the crime of rape, and the case falls within the general rule that where there is a good and a bad count in an indictment and when the jury are not required to specify as to which count their finding is had, a general verdict of conviction will be referred to the good count, and a general judgment rendered thereon is not reversible error.—1. Bish. Crim. Pro., § 1015; *Turner v. State,* 40 Ala. 21; *Montgomery v. State, Ib.* 684; *Shaw v. State,* 18 Ala. 547; *Hudson v. State,* 34 Ala. 253.

It is not shown by the record that there was any evidence introduced on the trial tending to show consent on the part of the girl, and for all that appears charges 1 and 2 asked by the defendant, were abstract in respect of such consent. For that reason, if for no other, it cannot be seen that there was error in the refusal of those charges.

The motion to quash the venire was without merit.

There was no error in overruling the motion to have the juror Herron brought from the consideration of another unfinished case to be passed upon as a juror for the trial of this case.—*Dorsey v. State,* 107 Ala. 157; *Cole v. State,* 106 Ala. 76.

The judgment of the circuit court will be affirmed.