# O'Neal *v.* Curry.

*Action of Assumpsit.*

1. *Set off; admissibility of evidence.*—In an action of assumpsit, where the plaintiff pleads a set off, setting up that the plaintiff was due him for articles of merchandise sold at his request, and the plaintiff by replication sets up that such articles of merchandise were sold to a third party and that the plaintiff had never promised by writing, expressing a

[O'Neal v. Curry.]

consideration, to answer for the debt of said third party,
it is not competent for the defendant, on cross examination
of the plaintiff, to ask him whether or not he had made pro-
visions for said third party to purchase such articles of mer-
chandise from any other merchant than the defendant.

2. *Same; same.*—In such a case, where it is shown that the de-
fendant let a third party who was a tenant of the plain-
tiff, have a certain amount of money only after the plain-
tiff had signed a note as security for his tenant, and that
the articles of merchandise sold, the price of which was
sought to be set off against the plaintiff's demand, was sepa-
rate and apart from the money given to defendant after tne
execution of said note, it is competent for the plaintiff to
show the circumstances under which the defendant gave
the money to the tenant and that he refused to let the ten-
ant have the money until the note was signed by the plain-
tiff.

3. *Same; same.*—In such a case, it is competent for the plaintiff
to prove that he gave his individual note to the defendant
for articles of merchandise which he purchased from the
defendant during the year in which the merchandise was
sold to the plaintiff's tenant.

4. *Evidence; admissibility of testimony showing feeling of wit-
ness towards party to suit.*—In the trial of a civil case,
where a witness for the plaintiff testifies to facts favorable
to the plaintiff, and in answer to a question asked him upon
cross examination, he answers that his feelings towards the
defendant were good, it is not competent for the defendant to
prove by him that prior to the time of his testifying the
defendant had foreclosed a mortgage he held against said
witness and had sworn out a warrant against him for re-
moving mortgaged property, and that said witness had fled
the country to avoid arrest under said warrant; these facts
of themselves not implying a bad or revengeful feeling on
the part of the witness towards the defendant at the time
of the trial.

5. *Set off; burden of proof.*—In an action of assumpsit, where the
defendant interposes a plea of set off, the burden of proof
is upon him to establish a set off as pleaded.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellee, J. A.
Curry, against the appellant, W. C. O'Neal. The facts
of the case are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the
jury the following written charge: "The court charges

the jury that the burden of proof is upon the defendant to establish his set off."

The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the following charge requested by him: "The court charges the jury that they may look to the fact, if it be a fact, that plaintiff is contradicted in his testimony by W. C. O'Neal, J. T. Thrasher, J. A. Davis, Harmon Andrews, Jep Davis, Cooley Sissendanner and T. C. Andrews, together with all the other evidence in this case in determining the weight they will give his testimony in their consideration of the same."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ESPY, FARMER & ESPY, for appellant, cited *McArthur v. Ins. Co.*, 116 Ala. 659; *Home Protection, etc., v. Whiddon*, 103 Ala. 203; *Lewis v. Hudmon*, 56 Ala. 186; *Jones v. State*, 76 Ala. 8; *Allen v. State*, 79 Ala. 34.

B. F. REID, *contra*, cited *Carpenter v. State*, 98 Ala. 31; *Cook v. Malone*, 29 So. Rep. 653.

HARALSON, J.—This suit was commenced in a justice's court on the 7th October, 1899, by the plaintiff, J. A. Curry, on a complaint in two counts; the first one claiming of defendant, W. C. O'Neal, $75 due from him to plaintiff, for the value of two bales of lint cotton sold by plaintiff to defendant, on the 7th October, 1899 (1898), which sum of money was alleged to be due and unpaid; the second count claiming the same sum alleged to be due by account made with plaintiff by defendant, for merchandise, goods and chattels sold by plaintiff to defendant, on the 7th October, 1899 (1898), which sum was alleged to be due and unpaid.

The justice trying the case found and rendered a judgment in favor of the defendant, and the plaintiff appealed to the circuit court. There, the defendant interposed pleas numbered 3, 4 and 5; the third averring

"That at the time the suit was brought, the plaintiff owed the defendant the sum of $51.30 for certain guano sold by Dothan Guano Company, to plaintiff, the —— day of January, 1898, which account belonged to defendant at the time the suit was brought." 4. "That at the time the suit was brought, the plaintiff owed the defendant the sum of $51.30 for certain guano sold by Dothan Guano Company to plaintiff, on or about the month of January, 1898, which account belonged to and was the property of the defendant, at the time this suit was brought, and that on October 7, 1898, the defendant tendered and offered to pay plaintiff the sum of $21.19, in currency, and plaintiff refused to take same, and upon bringing this suit, the defendant brought said sum of $21.19 into this court, and the same is now in this court." 5. "That on the 7th October, 1899, the defendant offered and tendered plaintiff the sum of $21.19 in currency, and plaintiff refused to accept this sum, but refused the same, and upon the bringing of this suit against him, brought said $21.19 into the court, and the same is now in this court."

The plaintiff demurred to the pleas of set-off on several grounds, but no action appears to have been taken by the court on the demurrers.

The plaintiff filed, as stated, three replications "to the plea of set-off:" 1st, denying each and every allegation of the plea; 2d, that the account mentioned in the plea consisted of a promise on the part of the plaintiff, to answer for the debt of one Harmon Andrews, and the plaintiff averred that there was no consideration for said promise expressed in writing and signed by the plaintiff, or by any person lawfully authorized to sign the plaintiff's name thereto, and, 3d, that the said account offered as a set-off is an account alleged to have been contracted by plaintiff and said Harmon Andrews with the Dothan Guano Co.

Upon these replications, the defendant, as appears, took issue, and upon issue on them, the case was tried, and judgment rendered for the plaintiff for $81.96, from which judgment the defendant appeals, assigning errors for rulings during the trial.

The plaintiff's testimony tended to prove his complaint. He stated that defendant gave as a reason for not paying him the two bales of cotton sold to him for $75, that plaintiff owed him an account for guano purchased by plaintiff's tenant, Andrews. He admitted that in the Spring of 1898, he made arrangements with O'Neal to let other tenants on his place besides Andrews have guano, but denied that he instructed Andrews to go to O'Neal or the Dothan Guano Co. to get any guano. He admitted that he made arrangements with O'Neal for said Andrews for money to make his crop with, in the year 1898, amounting to $50, and that Andrews brought a note to him from O'Neal already filled out for that sum, which he signed with Andrews, who returned it to O'Neal and received from him the money, which note, as the evidence shows, without conflict, the plaintiff afterwards paid to O'Neal. He also stated that O'Neal did not decline to let Andrews have the money unless plaintiff would also let him buy guano from him. The defendant asked the plaintiff on cross-examination, if he made any arrangements for Andrews to get guano elsewhere, that year, which question upon the objection of plaintiff, and over exception of the defendant, the court declined to allow the witness to answer. In this there was no error, since the answer, if in the negative, was wholly irrelevant to the issues. If plaintiff had failed to make such an arrangement, it did not tend to prove that he made it with defendant or with the Dothan Guano Co.

The witness, Andrews, for defendant, testified that plaintiff borrowed $50 for him from defendant in the Spring of 1898, which he got after executing his note therefor with the plaintiff as his surety, and that defendant would not let him have the money until plaintiff signed the note with him, and that he went for the guano and the money at the same time. Plaintiff asked the witness on the cross, if he got the money on the first trip he made to Dothan for it. To this question he replied that he did not get the money on that trip; that O'Neal refused to let him have it, and drew up a note for plaintiff to sign with him for the money; that

[O'Neal v. Curry.]

he carried out a load of guano and the note for plaintiff to sign, which he did, and the next day he returned and got the money. To the above question when propounded, the defendant objected, for that it called for illegal, irrelevant and incompetent evidence, which objection, against defendant's exception, the court overruled. We are unable to say that the evidence did not tend to support the plaintiff's replications. Why should defendant have to let the witness have the guano on plaintiff's account, without a written order, and yet have required the witness to give plaintiff as his security on a note for the money he let him have? According to defendant's contention he was to let Andrews have both the money and guano on plaintiff's credit, which plaintiff denied as to the guano. If he was dealing with him on plaintiff's account and credit, as to both, a written order was as necessary in the one case as in the other, and the fact that he let the witness have the guano without a written order, and required it as to the money, tends, at least, to show that defendant sold the guano to the witness on his own credit. This ruling was the ground of the 4th assignment of error.

The plaintiff offered to prove by this witness that he gave his individual note to defendant for the guano he got from O'Neal in 1898. The defendant objected, because the evidence proposed was illegal, and because the note itself was the best evidence and should be produced. The objection for illegality was untenable, as, if Andrews alone gave a note for the guano, it tended to show it was sold to him on his individual credit, and as for the other objection, if the production of the note was necessary, before secondary evidence of its contents could be introduced, the plaintiff showed a sufficient predicate for its introduction. The witness was allowed to answer, that he gave to O'Neal, or Dothan Co., a note for the guano he got from them in the year 1898.

Plaintiff asked the witness J. A. Davis, who testified that he was present when Andrews came for the money, what took place between O'Neal and Andrews when the latter came for the money. The witness was allowed to answer, over the objection and exception by defend-

ant for illegality, that Andrews did not get the money, but that O'Neal gave a note to him to carry and have plaintiff sign it with him, and when he brought the note back, O'Neal paid him the money. This evidence was admissible, for the same reason that the evidence constituting assignment of error 4, above considered, was admissible. It tended to show that defendant was trading on plaintiff's credit as to the money loaned Andrews, and on Andrews' credit as to the guano.

The witness for the plaintiff, in rebuttal, one Graves, testified to facts favorable to the plaintiff. On the cross he was asked what his feelings were towards defendant, and he answered that they were good. He was then asked by defendant, if in the Fall of 1898, the defendant had not foreclosed a mortgage he had given him and sold the property; also, if in the Fall of 1898, defendant had not sworn out a warrant against him for removing mortgaged property; and if in fact he did not flee the country to avoid arrest under said warrant. The defendant's counsel stated to the court that these questions were asked for the purpose of eliciting testimony that the feelings of the witness towards the defendant were bad. The court declined, on objection by plaintiff, to allow the questions to be asked. In this there was no error. The matters referred to in the questions might have implied at the time a bad feeling on the part of the defendant towards the witness; but these facts of themselves, did not imply a bad or revengeful feeling on the part of the witness towards defendant.

There was no error in charge 1 requested and given at the request of the plaintiff.—*Cook v. Malone*, 128 Ala. 662.

The charge requested by defendant is argumentative, and singles out a fact on which special stress is laid.

Finding no error in the record, the judgment below must be affirmed.