## Turk v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Indictment for assault with intent to murder; when charges an assault.*—An indictment which charges that the defendant "unlawfully and with malice aforethought did assault" a certain named person, "with intent to murder, against the peace and dignity of the State of Alabama," though it may be defective as an indictment charging an assault with intent to murder, embodies a perfectly good charge of assault with circumstances of aggravation.

2. *Assault with intent to murder; former jeopardy.*—Where, under an indictment charging that defendant "unlawfully and with malice aforethought did assault," a certain named person, "with intent to murder, against the peace and dignity," etc., the defendant is placed in jeopardy by the jury being organized, the indictment read and the defendant pleading thereto, and the indictment is then quashed on motion of the State, and the defendant is held to answer a second indictment, upon a second indictment being preferred, which sufficiently charges an assault with intent to murder, the former jeopardy of the defendant, when sufficiently pleaded, is a defense against such second indictment.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. J. C. RICHARDSON.

At the Spring Term, 1902, of the circuit court of Butler county, the grand jury preferred an indictment against the appellant in this case and others, which was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Charlie Turk, Lovett Turk and Zeb Turk, unlaw-

fully and with malice aforethought, did assault Frank Phillips with the intent to murder, against the peace and dignity of the State of Alabama."

The case was called for trial, and after the jury had been selected and legally sworn to try the case; and the indictment had been read to them, and the defendants had pleaded not guilty, the solicitor called the attention of the court to a defect in the indictment, in that it failed to state whom the defendant failed to kill, it appearing that just after the words "intent to murder" the word "him" or "Frank Phillips" was omitted. The solicitor asked the defendants to agree to an amendment of the indictment to cure the defect. Upon the defendants declining to consent to the indictment being amended, the solicitor thereupon moved the court to quash the indictment and to order another indictment to be found against the defendants. Against the objection of the defendants the court granted the motion to quash the indictment and ordered another indictment to be preferred, and against the defendants' objection, discharged the jury which had been impannelled to try the case.

At the Spring Term, 1903, of the circuit court of Butler county, the grand jury preferred another indictment against these same defendants, which was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Charlie Turk, Lovett Turk and Zeb Turk unlawfully and with malice aforethought did assault John Phillips with the intent to murder him against the peace and dignity of the State of Alabama."

To the second indictment the defendants pleaded former jeopardy. To this plea the solicitor demurred upon the ground which is stated in the opinion. The court sustained the demurrer. The defendants then pleaded not guilty, and on the trial Lovett Turk and Zeb Turk were acquitted, and the appellant in this case, Charlie Turk, was convicted of an assault on John Phillips, who was alleged in the plea of former jeopardy to be the same person as Frank Phillips named in the first indictment. From this judgment of conviction the present appeal is prosecuted.

LANE & CRENSHAW and POWELL & HAMILTON, for appellant.—The defendants were placed in jeopardy under a defective indictment, and, therefore, such former jeopardy was a defense to the second indictment. *Scott v. State,* 110 Ala. 48; *Bell v. State,* 44 Ala. 394; 1 Bishop on Criminal Law, 1015; *Foster v. State,* 88 Ala. 184.

While it is the undisputed rule that a defendant is never in jeopardy on a void indictment, yet, however defective may be the indictment, if it contains a charge that will sustain a verdict of conviction, the defendant may be put in jeopardy. That seems to be the true test. Did the indictment contain a legal charge of an assault? An affirmative answer is given by the decision of this court in the case of *Murdock v. State,* 65 Ala. 520.

MASSEY WILSON, Attorney-General, for the State. The first indictment in this case was defective.—*Weston v. State,* 63 Ala. 165; *Morningstar v. State,* 52 Ala. 405; *Johnson v. State,* 59 Ala. 37.

The indictment under consideration was clearly defective in the respect that the person referred to in the latter clause of the indictment, "with the intent to murder" can not be affirmed with any degree of certainty. It was fatally defective, and had the defendant been convicted of assault with intent to murder, this court would have reversed the judgment of the lower court.—*Dunklin v. State,* 134 Ala. 195, *Starr v. State,* 25 Ala. 38; *Francois v. State,* 20 Ala. 83.

McCLELLAN, C. J.—The pleading of defendants, held by the circuit court to be insufficient in law, was not a motion to quash the indictment, but a plea of former jeopardy in bar of this prosecution. The demurrer of the State to this pleading was upon the ground only "that the plea shows no reason in law why the indictment in this case should be quashed." This assignment is, in the first place, inaptly expressed; and in the next place it is essentially a general demurrer. It might well have been overruled on the latter ground.—Code, § 3303.

We are further, however, of the opinion that the plea was not open to any objection, and that its averments presented a good defense to the prosecution. It is conceded, and correctly so, that the facts averred show that the defendants had been put upon trial under the first indictment and were in jeopardy under it when that indictment was quashed by the court against defendants' objection and the jury, to whom the case in legal contemplation had been submitted, were discharged, unless that indictment was so defective as that a conviction under it would have been annulled and set aside on appeal. So that the sole question here is whether the original indictment was sufficient to support a conviction. Of course, if that indictment was not fatally defective for the omission of the word "him" as shown in the plea—if it be sufficient in charging the crime of assault with intent to murder to aver "that A. B. unlawfully and with malice aforethought did assault C. D., with intent to murder," etc., omitting after the word "murder" the word "him," or equivalent phrase, as "the said C. D.," the first indictment was a perfectly good presentment for the offense of assault with intent to murder. Probably, however, that omission rendered that indictment so defective as that a conviction of the felonious assault could not be sustained; and we will assume without deciding, that to be true. But it by no means follows that the indictment did not charge any offense. On the contrary, its averments embodied a perfectly good charge of assault with circumstances of aggravation.—*Murdock v. State*, 65 Ala. 520. Of this offense the defendants were in jeopardy of conviction in the trial upon which they had entered, and such conviction would have stood upon appeal. That offense was, of course, embraced in the second indictment; and the former jeopardy as laid in this plea was a defense to them against that indictment.

The circuit court erred in sustaining the demurrer to the plea. For that error the judgment of conviction must be reversed. The cause will be remanded.

Reversed and remanded.