# Buchanan *v.* The State.

*Larceny.*

(Decided December 16, 1913.   Rehearing denied February 14, 1914.
65 South. 205.)

*Criminal Law; Former Jeopardy; Grade of Larceny.*—A conviction or acquital of petit larceny (a misdemeanor under section 7325, Code 1907) would be a bar to a subsequent prosecution for grand larceny, (a felony under section 7324, Code 1907) based on the same act; hence, defendant could be properly convicted of petit larceny although the evidence showed that the property stolen was of sufficient value to make the offense grand larceny.

[Buchanan v. The State.]

APPEAL from Lee County Law and Equity Court. Heard before Hon. LUM DUKE.

HenryBuchanan was convicted of petit larceny and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, for the State.

THOMAS, J.—The defendant was charged with and convicted of petit larceny. It developed during the course of the trial that the value of the property (a syrup pan) alleged to have been stolen from the prosecutor, Sam Adams, was $25; and the bill of exceptions shows that the defendant excepted to the following portion of the oral charge of the court: "If you believe from the evidence beyond a reasonable doubt that the defendant, in Lee county, within 12 months before the commencement of the prosecution, feloniously took and carried away the syrup pan of Mr. Sam Adams, then you are authorized to find the defendant guilty as charged, notwithstanding the evidence may show that the value of the syrup pan was $25."

No brief has been filed by defendant's counsel, pointing out how or wherein the quoted charge is erroneous or objectionable; but we shall assume for purposes of present disposition that he sought by his exception to raise the point that a defendant charged, as the one here, with petit larceny, which is only a misdemeanor under the statute (Code, § 7325), could not be convicted thereof in the event the evidence showed and the jury believed that the property stolen by him was of value sufficient to make the offense committed by him grand larceny, which is a felony under the statute.—Code, § 7324.

At common law, which was changed in England by the statute of 14 and 15 Vic. c. 100, par. 12, where one was indicted for a misdemeanor, and a felony was shown by the evidence necessary to establish the offense charged, the rule was that there was a merger of the misdemeanor, and there could be a conviction of the felony only. But this rule has been almost entirely abrogated in the United States by both statutes and judicial decisions, and it has been held that a person charged with a specific crime may be convicted as charged, although the evidence shows he has committed a greater crime, including that for which he is on trial, upon the principal that it does not lie with the prisoner to object to his conviction of the offense for which he is being tried, on the ground that he has committed a greater one.—20 Am. & Eng. Ency. Law (2d Ed.) 605, 606, note 2 on page 606.

If the conviction or acquittal of petit larceny, with which defendant was charged, would bar the state from subsequently proceeding against him for grand larceny based on the same act, then clearly there was no error, and certainly no injury to the defendant, in the part of the oral charge of the court excepted to and hereinbefore quoted. Our own Supreme Court have expressly held that such a conviction or acquittal would have such effect.—*Storrs v. State,* 129 Ala. 103, 29 South. 778. "The state," it says, "cannot elect to prosecute and try a person for a lower grade and then put him on trial for a higher grade of the same offense."—*State v. Blevins,* 134 Ala. 216, 32 South. 637, 92 Am. St. Rep. 22; *Moore v. State,* 71 Ala. 307; *Gunter v. State,* 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; *Turk v. State,* 140 Ala. 110, 37 South. 234. It (the state) had the right to proceed against the offender as it, through its duly constituted authorities, saw fit, either for the

misdemeanor or for the felony; but when it chose to try him for the misdemeanor only, and that to the extent of putting him in jeopardy, it thereby, under our constitutional provisions, precluded itself from thereafter prosecuting him for the felony.—*State v. Blevins, supra.* Hence the court committed no error in the oral charge mentioned, or in refusing the general affirmative charge requested by defendant.

These are the only points raised by the record, and it follows that the judgment of conviction is affirmed.

Affirmed.