(92 South. 19)

SAVAGE v. STATE. (3 Div. 381.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied Nov. 15, 1921.)

1. Statutes ⟺255—Act containing no provision that it should become effective from its passage held not to take effect until 60 days thereafter.

Acts 1919, p. 1086, adopted September 30, 1919, which made possession of a still a crime, but which contained no provision that it should become effective from its passage, did not take effect until 60 days thereafter, so that a count in an indictment alleging possession before the finding of the indictment and since September 30, 1919, covered a period during a portion of which the possession of the still was not an offense, and such count will not support a conviction.

2. Indictment and information ⟺203—Verdict of good and bad counts referred to valid count.

Where a verdict in a prosecution based on an indictment containing two counts, one of which was valid and one invalid, was general, it will be referred to the count which was valid and will support the conviction.

3. Criminal law ⟺193½—Prosecution for included offense bars subsequent prosecution for greater offense.

A single crime cannot be split up or subdivided into two or more indictable offenses, and if the state, through its duly constituted officers, in a court of competent jurisdiction, elects to prosecute a crime which is included in a greater offense, it cannot afterwards prosecute the same criminal act under color of

a charge of the greater offense or of a charge of another name.

4. Criminal law ⟺292(1)—Plea of former conviction construed most strongly against pleader.

The allegations of a plea of former conviction must be construed most strongly against the pleader.

5. Criminal law ⟺293—Conviction not reversed for sustaining general demurrer to plea of former conviction, though defects should have been specially attacked.

Though the defects in a plea of former conviction were such that they should have been attacked by special demurrer, and the court could have refused to consider them on general demurrer, that fact does not make it erroneous for the court to have sustained the general demurrer, if the plea was manifestly insufficient.

On Rehearing:

6. Criminal law ⟺200(4)—Former conviction for possessing liquor while making it bars prosecution for manufacturing.

A plea of former conviction, alleging that defendant, accused of making intoxicating liquor, had been formerly convicted on a charge of possessing the same liquor and that the possession on which that conviction was based was a part of the act of manufacturing on which the second charge was based, states a bar to the subsequent prosecution.

Appeal from Circuit Court, Escambia County; A. E. Gamble, Judge.

James, alias Jim Savage, was charged with having manufactured prohibited liquors and with having such liquors in his possession, convicted generally, and he appeals. Reversed and remanded.

Hamilton, Page & Caffey, of Brewton, for appellant.

The plea in former jeopardy was good. 155 Ala. 78, 46 South. 491; 71 Ala. 307; 86 Ala. 304, 5 South. 569; 159 Ala. 6, 48 South. 813; 14 Ala. App. 106, 71 South. 983; 72 South. 1019; 91 Ala. 25, 8 South. 560; 10 Ala. App. 103, 65 South. 205; 89 Ala. 172, 8 South. 109; 134 Ala. 213, 32 South. 637, 92 Am. St. Rep. 22; 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; 136 Ala. 96, 33 South. 888; 129 Ala. 101, 29 South. 778; 71 Ala. 303.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. There were two counts in the indictment, the first charging the manufacture of liquor and the second charged:

"The grand jury of said county further charge that, before the finding of this indictment and since the 30th day of September, 1919, James alias Jim Savage did possess or have in his possession a still, apparatus, appliance, or a

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

[1] The statute creating the crime of having in possession a still, etc., was adopted September 30, 1919 (Acts 1919, p. 1086). There being no provision that it should become effective from its passage, it became effective 60 days after its passage, to wit, November 30, 1919, Code 1907, § 7805. Until November 30, 1919, it was not a crime to have in possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages, and therefore an indictment which charged the defendant with having in his possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors, covering a period during which, at all times, such possession was not a violation of law, charges no offense and will not support a conviction. Howard v. State, 17 Ala. App. 464, 86 South. 172; McMullen v. State, 17 Ala. App. 504, 86 South. 175; Bibb v. State, 83 Ala. 84, 3 South. 711; McReynolds v. State, ante, p. 173, 89 South. 825.

[2] The verdict in this case being general will be referred to the first count, which was good, and charged the offense of manufacturing prohibited liquors and will support the judgment of conviction rendered in this case, unless for other reasons the judgment must be reversed. Handy's Case, 121 Ala. 13, 25 South. 1023; Norman's Case, 13 Ala. App. 337, 69 South. 362.

But the appellant says the judgment must be reversed because the trial court committed error in sustaining the state's demurrer to his plea of former jeopardy, in which he admits the manufacture of the prohibited liquors, but says that, in a court of competent jurisdiction, upon a valid charge, he was tried and convicted of having in his possession the identical liquor he is now charged with making, that the possession was at the time of its manufacture, that he manufactured liquor at no other time, and possessed no other liquor. It is claimed in argument that the possession of the liquor is comprehended in the charge of manufacturing and that upon a prosecution for the offense of manufacturing this liquor, defendant could have been convicted of possessing it. Upon this proposition depends a determination of this appeal.

[3] It is the fixed policy of the law in this jurisdiction that a single crime cannot be split up or subdivided into two or more indictable offenses and, if the state, through its duly constituted officers, in a court of competent jurisdiction, elects to prosecute a crime in one of its phases or aspects it cannot afterwards prosecute the same criminal act under color of another name. Everage v. State, 14 Ala. App. 106, 71 South. 983; Moore v. State, 71 Ala. 307; Brown v. State, 105 Ala. 117, 16 South. 929; Willis v. State, 134 Ala. 450, 33 South. 226. In Buchanan v. State, 10 Ala. App. 103–105, 65 South. 205, it was held:

"The state cannot elect to prosecute and try a person for a lower grade and then put him on trial for a higher grade of the same offense." State v. Blevins, 134 Ala. 216, 32 South. 637, 92 Am. St. Rep. 22; Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; Turk v. State, 140 Ala. 110, 37 South. 234.

In Gunter's Case, supra, the late Justice Harralson, speaking for the court, said:

"It is the settled rule of this court that a defendant cannot be lawfully punished for two distinct felonies, growing out of the same identical act, and where one is a necessary ingredient of the other"

—and in 8 R. C. L. p. 145, § 130, the rule is laid down and sustained by authority, that:

"A prosecution for any part of a single crime bars any further prosecution based on the whole or any part of the same crime."

—and section 7315, Code 1907, provides that:

"The defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be felony or a misdemeanor."

The defendant might have been in possession of whisky without having manufactured it, and he might be guilty of manufacturing liquor and also guilty of being in the possession of the same whisky but, if the allegations of the plea in this case, are such that the defendant could not be guilty of the charge under this indictment, of manufacturing whisky, without being in possession of the whisky, the possession of which, was the basis of the prosecution under which he was convicted in the county court of Escambia county, and which he now pleads as a former conviction, the plea would present a good defense. Under the prosecution for manufacturing this whisky, if its possession was a necessary part of the manufacture and the plea so alleged, it would be a good plea. In other words, if, while the whisky was in process of distillation, it was run into a receptacle arranged in connection with the still for that purpose, so long as it remained in such receptacle, its existence and possession would be a necessary part of the crime charged in the indictment and would therefore be a part of the crime charged.

In Clem v. State, 42 Ind. 420, 13 Am. Rep. 369, quoted with approval by our Supreme Court in Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79, the Indiana court said:

"The state cannot divide that which constitutes but one crime, and make the different parts of it the basis of separate prosecutions."

And Mr. Bishop remarks:

"The prosecutor may carve as large an offense out of the transaction as he can, but he must cut only once." 1 Bishop, Criminal Law, § 1060.

Our Constitution provides that no person shall for the same offense be twice put in jeopardy of life or limb and Mr. Justice Sommerville, in the case of Hurst v. State, supra, referring to this provision, remarks:

"The purpose of the courts should be so to apply this constitutional guaranty as to protect the citizen from vexatious criminal prosecutions, and at the same time not to defeat the chief design of our penal laws."

[4] The plea in this case, the allegations of which must be taken and construed most strongly against the pleader, does not allege facts making the possession of the whisky a necessary part of its manufacture. Non constat, the whisky had been taken from the still and placed in vessels and thereby became separated from the manufacture in such sort as to become another and separate offense under a different statute.

[5] Then there was no specific ground of demurrer raising this point, but there was a general demurrer, which was sustained and where this is the case, although the court might, for that cause, have refused to examine the pleas for defects therein and have properly overruled the demurrer; yet, if the plea is manifestly insufficient, and no answer to the indictment, and the court properly so decided, we will not reverse its judgment sustaining the demurrer. James v. State, 53 Ala. 380; Whitten v. Graves, 40 Ala. 578; Norman v. State, 13 Ala. App. 337, 69 South. 362; Oliveri v. State, 13 Ala. App. 348, 69 South. 359.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[6] After a more careful examination of defendant's plea of former jeopardy, we are of the opinion that the plea, in effect, alleges a continuous act of manufacture and that the possession of the whisky, of which offense he was convicted, was a part of the manufacturing process. It follows that the judgment of affirmance must be set aside, and the judgment of the circuit court is reversed, and the cause is remanded.