(111 So. 48)

## KNOTTS v. STATE. (4 Div. 211.)

(Court of Appeals of Alabama. Jan. 11, 1927.)

Homicide ⬖131—Indictment for assault "with intent to murder," not followed by word "him," held fatally defective as to felony charged.

Indictment charging that defendant "did assault Joe Brown, with intent to murder,"

*held* fatally defective as to felony charged as not designating person feloniously assaulted; word "him" being omitted.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Jack Knotts was convicted of assault to murder, and he appeals. Reversed and remanded.

The indictment is as follows:

"The grand jury of said county charge that before the finding of this indictment Jack Knotts, alias Jack Knott, and Joel Knotts, alias Joel Knott, unlawfully and with malice aforethought did assault Joe Brown, with intent to murder, against the peace and dignity of the state of Alabama."

D. A. Baker, of Troy, for appellant.

The indictment was not sufficient to sustain a conviction of assault to murder. The affirmative charge was, hence, due defendant. Miller v. State, 54 Ala. 155; Compton v. State, 110 Ala. 24, 20 So. 119; Code 1923, § 4556 (14).

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. 'Gen., for the State.

The question was not raised by objection to the indictment and it cannot be presented by the request for the affirmative charge, since the indictment charges an aggravated assault. Turk v. State, 140 Ala. 110, 37 So. 234.

BRICKEN, P. J. Under the statute (section 3258, Code 1923), the duty devolves upon this court to consider all questions apparent on the record or reserved by bill of exceptions, and this court must render such judgment as the law demands.

We find, upon examination of the record in this case, that the indictment which attempts to charge the offense of an assault with intent to murder is fatally defective as to the felony charge, in that it fails to designate the person upon whom the felonious assault was directed, the concluding paragraph of the indictment is, "with the intent to murder"; the word "him" not being included. Turk v. State, 140 Ala. 110, 37 So. 234. In the Turk Case, supra, an indictment identical with the indictment here, was held by the Supreme Court to be sufficient to charge an assault with the circumstances of aggravation, but in effect held that such indictment is so defective as that a conviction of the felonious assault could not be sustained.

The verdict of the jury in this case, and the judgment of conviction based thereon, is for the felonious charge of assault with intent to murder. From what has been said, the conviction of this appellant for the felonious charge, above stated, cannot be sustained under the indictment in this case. Upon authority of Turk v. State, 140 Ala. 110, 37 So. 234. the judgment of conviction from which this appeal was taken is reversed, and the cause remanded. Other questions presented need not be discussed.

Reversed and remanded.