## HUTCHERSON v. STATE.
### 6 Div. 268.

Court of Appeals of Alabama.
Feb. 7, 1933.

Rehearing Denied March 21, 1933.

BRICKEN, P. J., dissenting.

Morris Loveman, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendant was indicted jointly with Chas. R. Rowe. Rowe not having been apprehended, this defendant is alone on trial.

The indictment contained 28 counts, all charging either fraud, larceny, or receiving stolen property.

The jury returned a verdict finding this defendant guilty under counts 20 and 24 of the indictment, so that in this appeal we are only concerned as to those two counts.

These two counts charged the obtaining of money by false pretenses, and were in the following words:

"20. The Grand Jury of said County further charges that before the finding of this indictment Charles R. Rowe, alias George Rose, and J. R. Hutcherson, alias Hutchinson, whose names to the Grand Jury are otherwise unknown, did falsely pretend to Mrs. Martha White, with intent to injure or defraud, that he had some bonds of the Southern Natural Gas Corporation, a corporation, ready for delivery and that said bonds paid 8% interest per annum, payable quarterly, and by means of such false pretense, obtained from the said Mrs. Martha White $1250.00.

"24. The Grand Jury of said County further charges that before the finding of this indictment Charles R. Rowe, alias George Rose, and J. R. Hutcherson, alias Hutchinson, whose names to the Grand Jury are otherwise unknown, did falsely pretend to Mrs. Martha White, with intent to injure or defraud, that he was a stock and bond salesman of the Southern Natural Gas Corporation, and was selling stocks and bonds of the Southern Natural Gas Corporation, which paid 8% interest per annum, interest payable quarterly, and by means of such false pretense obtained from the said Mrs. Martha White $1250.00."

The indictment was demurred to, and the demurrer overruled. The appeal is on the record, and the insistence is that the court erred in its ruling on the demurrer as filed. The specific grounds of demurrer insisted on are:

"1st. For that said indictment and each count thereof is vague.

"2nd. For that said indictment charges no offense legally.

"A. For that said indictment fails to allege that the defendant owned or pretended that he owned said property or stock or bonds that were to be delivered to Mrs. Martha White, or had a right to dispose of it."

■ Grounds of demurrer 1 and 2 are general, and while the court might have considered them, as is pointed out in Savage v. State, 18 Ala. App. 299, 92 So. 19, Oliveri v. State, 13 Ala. App. 348, 69 So. 359, and in Norman v. State, 13 Ala. App. 337, 69 So. 362, the trial judge will not be put in error for over-

ruling a demurrer which does not specifically point out the objection to the indictment, if the indictment, as presented, is sufficient to support the verdict. Trent v. State, 15 Ala. App. 485, 73 So. 834. In this connection special attention is directed to authorities cited in notes 87, 88, and 89, 31 Corpus Juris, page 817.

Ground A of the demurrer does not point out an omission which would render the indictment invalid. It was not necessary to a valid indictment that defendant should have represented that he was the owner of the stocks and bonds.

There is no bill of exceptions, and, there being no error of a reversible nature presented in the record, the judgment is affirmed.

Affirmed.

BRICKEN, Presiding Judge (dissenting).

In the opinion in this case it is conceded, and properly so, that counts 20 and 24 of the indictment, upon which the conviction of this appellant was had, are each defective; that they are vague and uncertain; and that neither count complies with the provisions of section 4529 of the Code 1923.

Before entering upon the trial the defendant interposed demurrers as set forth in the foregoing opinion, but the lower court was sustained because these demurrers were held to be general only, and not specific. To this holding I cannot agree, and am of the opinion the demurrers should have been sustained, and that the court below erred to a reversal in overruling them. I am of the opinion the demurrers are sufficiently specific to point out the admitted defects in the two counts of the indictment, supra. Section 9479 of the Code 1923 abolishes the general demurrer, and requires a demurrer to specify the defect. But pretermitting the technical sufficiency of the demurrers in question, it has been expressly held that section 9479, Code 1923 (section 5340, Code 1907), has no application to criminal prosecutions, and applies only to civil cases. Oliveri v. State, 13 Ala. App. 348, 69 So. 359, 361. In said case Brown, J., for this court, said: "The statute (Code 1907, § 5340) providing, 'No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be * * * allowed which is not directly stated in the demurrer,' has no application to criminal prosecutions. This is manifest from the fact that it is in a chapter of the Code dealing with pleadings in civil cases."

It is elementary that in all criminal prosecutions the accused must be apprised by the indictment, with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense, and an indictment not so framed is defective. Ala. Const. 1901, § 6; Code 1923, § 4529. Harris v. State, 50 Ala. 127; Hirschfelder v. State, 18 Ala. 112.

As stated in the majority opinion, it is conceded that the two counts of the indictment, 20 and 24 (material here), are defective. On this question we quote with approval that portion of appellant's brief, prepared and presented by his able counsel, wherein it is insisted, to wit:

"It is our contention that the indictment, and each count thereof, is vague, indefinite and uncertain, and that it does not definitely inform the defendant Hutcherson of the nature and cause of the accusation as guaranteed by section 6 of the Constitution of 1901.

"It is our further contention that this indictment fails to comply with section 4529 of the Criminal Code, which requires that an indictment must state facts constituting the offense in ordinary and concise language without prolixity or repetition in such manner as to enable a person of common understanding to know what is intended.

"Measured by this Constitutional guarantee, which is further fortified by the Statutory enactment, we respectfully submit the indictment utterly fails to comply therewith.

"Without referring to each count in the indictment specifically let us analyze and examine counts 20 and 24 upon which counts defendant was convicted, in the light and within the meaning of section 6 of the Bill of Rights of the Constitution, and section 4529 of the Criminal Code 1923.

"Count 20 charges Rowe and Hutcherson falsely pretended, and so forth, that he had some bonds (and so forth,) ready for delivery, and so forth, and by means of such false pretense obtained from Mrs. Martha White $1,-250.00.

"This count is susceptible of many and various meanings. It is obviously vague, indefinite and uncertain. It may mean to charge that Hutcherson pretended that he (Hutcherson) had some bonds (and so forth) ready for delivery; it may mean that Hutcherson pretended that he (Rowe), the other defendant charged conjunctively with Hutcherson, had some bonds (and so forth), ready for delivery; and even though the personal pronoun 'he' is used, it is susceptible of the meaning that either Rowe or Hutcherson pretended that he (Rowe) and he (Hutcherson) had some bonds (and so forth,) ready for delivery.

"Can a person of common understanding know from this indictment what is intended to be charged?

"We respectfully submit a person familiar with language, yea, even an expert in the construction and meaning of the English language, becomes more confused as to the meaning of count 20, and the more this count is studied and considered the more we are im-

pressed with the obscurity, evasiveness and uncertainty of it.

"The purpose of our Bill of Rights and Statutory provision is to enable the accused to know exactly what he has to meet, to give him a fair and reasonable opportunity to prepare his defense. No such information or opportunity is given defendant by count 20, and the Court in overruling defendant's demurrer to said count committed prejudicial error.

"Again referring to the allegations of count 20, we ask this question: Who obtained from Mrs. Martha White $1250.00? Did Rowe or Hutcherson obtain the money? The indictment charges 'he' did so. To whom does 'he' refer? Or perhaps does it mean that 'he' (Rowe) and 'he' (Hutcherson) obtained the money; and we submit if this last construction is the meaning intended then the personal pronoun 'he' is used instead of the pronoun 'they,' which last construction would hardly appeal to a person of common understanding as being the proper construction and meaning. Certainty in an indictment is required when charging an offense, and on demurrer which constitutes a direct attack on its sufficiency, the demurrer should be sustained unless the language of the indictment charges an offense with reasonable certainty so as to put the accused on notice of the nature of the charge he is called upon to meet.

"We respectfully submit count 20 of the indictment falls far short of the requirements of section 6 of the Constitution of 1901, and is in direct conflict with the provisions of section 4529 of the Code 1923. The demurrers to the indictment should have been sustained because said indictment does not inform defendant of the nature and cause of the accusation within the meaning of the Constitution and as it requires, nor does said indictment state the facts constituting the offense in such a manner as to enable a person of common understanding to know what is intended as required by section 4529 of the 1923 Code, and the failure of the Court to sustain these demurrers was prejudicial error.

"The argument and objections made to the validity of count 20 apply with equal force to count 24. Counts 20 and 24 are, to all intents and purposes, the same. In count 20 the false pretense alleged was that 'he had some bonds.' In count 24 'that he was a stock and bond salesman.' Each of said counts charge Rowe and Hutcherson jointly with the alleged offense, and each count uses the personal pronoun 'he' in such connection as to confuse and mislead, and render vague, indefinite and uncertain the meaning of said counts. Count 24 is equally faulty with count 20 in the particulars herein set forth, and demurrer thereto should have been sustained. The Court erred in its failure to so find, and the Court's error in this regard constitutes prejudicial error and should work a reversal of this case."

The holding in the case of Oliveri v. State, supra, is sound, and is based upon public policy. To require of every person charged with the commission of crime (many of whom are unattended by counsel), that technical knowledge contemplated by section 9479 of the Code 1923, as to demurrers, would be a travesty. The writer's views on this subject were expressed in the case of Montgomery v. State, 17 Ala. App. 469, on rehearing pages 472, 473, 86 So. 132.

I am of the opinion that the demurrers as interposed were sufficient, and that the court erred in this connection. Also that this case should be reversed, as insisted upon by appellant.