## POMEROY *vs*. THE STATE.

[SCIRE FACIAS AGAINST DEFAULTING WITNESS.]

1. *" Overruling" plea of nul tiel record; when exception is necessary.*—A recital in the judgment-entry, that the plea of *nul tiel record*, to a *sci. fa.* against a defaulting witness, "was overruled," means that the issue on the plea was tried, and decided adversely to the defendant; and the appellate court cannot revise such decision, unless the evidence on which it was made is presented by bill of exceptions.
2. *Demurrer; specification of grounds of.*—A demurrer which does not

specify any particular grounds of objection, as required by section 2253 of the Code, should be overruled; and this rule applies to proceedings against a defaulting witness in a criminal case.

3. *Sufficiency of sci. fa.*—In a *scire facias* against a defaulting witness in a criminal case, when its sufficiency is first assailed on error or appeal, it is only necessary that a substantial cause of action should be shown (Code, § 2405); and in considering the question of its substantial sufficiency, the appellate court will not indulge in presumptions against the pleader, nor construe ambiguous averments as on demurrer: if the judgment *nisi*, as copied into the *scire facias*, recites that the witness had been duly subpœnaed, in a case in which the State was plaintiff, this recital will be held sufficient to show that he was summoned in a criminal case, and that he was bound to appear at the term at which the forfeiture against him was taken.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. F. BUGBEE.

THE transcript in this case contains only the judgment *nisi*, the *scire facias* thereon, and the judgment final, which are in the following words:

"The State vs. C. B. Smith. } May 17, 1864. Came the State, by the attorney-general; and C. Pomeroy, a witness subpœnaed on the part of the State, being called to appear and testify, came not, but made default; and it appearing to the court that the subpœna issued in this behalf has been duly executed and returned, on motion it is considered by the court, that the State of Alabama, for the use of Montgomery county, recover of the said C. Pomeroy the sum of one hundred dollars, agreeably to the statute, unless he appear at the next term of this court, and show cause why this judgment should not be rendered final and absolute; and *sci. fa.* to issue accordingly."

"The State of Alabama: To any sheriff of the State of Alabama, greeting. Whereas, at a circuit court held for the county of Montgomery, to-wit, at the spring term, 1864, the following order was made, and the following judgment entered," &c., (setting out the judgment *nisi* as above copied,) "These are therefore to command you, that you make known the premises aforesaid to the said C. Pomeroy, that he be and appear at the next circuit court to be held for said county, at the place of holding the same,

on the third Monday in November, to show cause why said judgment should not be rendered final and absolute against him; and have you then and there this writ," &c. (Issued on the 30th May, 1864, and executed on the 22d October, 1864.)

" The State } Came the State, by its solicitor, and the *vs.* } defendant by his counsel, who demurred to C. Pomeroy. } the proceedings; which demurrer, being heard by the court, is overruled. The defendant then pleaded *nul tiel record,* which plea was also overruled; and it appearing that the *scire facias* issued in this behalf has been duly executed and returned, and that it was founded on a judgment rendered at the spring term, 1864, of this court, in words as follows," (setting out the judgment *nisi,)* " It is therefore considered by the court, that said judgment be now rendered final, and that the State of Alabama, for the use of Montgomery county, recover of said C. Pomeroy the sum of one hundred dollars, together with the costs in this behalf expended."

The record does not show when the final judgment was rendered, except by a recital in the appeal bond that it was rendered at the fall term, 1865.

The following errors are now assigned: "1st, that the record does not show that a subpœna issued to the appellant; 2d, that it does not show the return of service of a subpœna on the appellant; 3d, that no subpœna is set forth in the record; 4th, that no subpœna, or averment, is set forth in the *scire facias,* in words or substance, showing that the defendant was required to appear at the term the judgment was taken; 5th, that the court erred in overruling the demurrer; 6th, that the court erred in overruling the plea of *nul tiel record;* 7th, that the record does not show the mandate of the subpœna, and the averment that the witness was called to appear and testify does not show that he was summoned to testify in this case; 8th, that the judgment *nisi* does not show the character of the case in which the witness was summoned: if a criminal case, the offense should have been set out in the judgment *nisi.*"

MARTIN & SAYRE, for the appellant.

JNO. W. A. SANFORD, Attorney-General, *contra.*

A. J. WALKER, C. J.—We can not ascertain that there was error in overruling the plea of *nul tiel record.* We understand the assertion that the plea was overruled to mean, that the issue upon it was tried, and decided adversely to the defendant. The evidence upon which this decision was made is not presented to us by bill of exceptions, and we therefore are unable to revise it.

[2.] The demurrer did not state any specific objection to the *scire facias,* and, therefore, was properly overruled, without regard to the merits or demerits of the *scire facias. Helvenstein v. Higgason,* 35 Ala. 259.

[3.] The sufficiency of the *scire facias* is to be determined from a point of view altogether different from that which would be adopted, if there had been a demurrer in such form as to demand consideration. The question arising first on error, the *scire facias* must be sustained, if it contain a substantial cause of action.—Code, § 2405. In ascertaining whether a pleading contains a substantial cause of action, we are to abstain from those presumptions against the pleader, when doubtful and ambiguous allegations are made, which are indulged on demurrer. Regarding the judgment *nisi,* which is copied into the *scire facias,* in the light of this principle, we hold that it contains a substantial cause of action. The most serious objection urged before us is, that the witness is not shown to have been subpœnaed, so as to have been bound to attend at the term when the forfeiture was taken. It appears very clearly that he was subpœnaed as a witness; that the subpœna was executed before the forfeiture, and that the subpœna was issued in the case of *The State v. Smith,* stated in the margin, to which the entries on the minutes must be referred. In the absence of a demurrer, making the objection in the court below, we will not presume, that the case of *The State v. Smith* was a civil action, but, on the contrary, we will presume it was a case on an indictment; and this being presumed, we must hold that the witness was under the statute bound to attend from day to day, and term to

term, until the case was disposed of.—Code, § 3565. This distinguishes this case from *Emanuel v. Ketchum*, 21 Ala. 257. The judgment here was for the use of the county. This very clearly indicates that the case of *The State v. Smith* was a criminal cause, for it is in cases of that character that such judgments are rendered.—Code, § 3619.

The judgment is affirmed.