[Axelrod v. The State.]


# Axelrod *v.* The State.

### Assault and Battery.

(Decided January 16, 1913.   60 South. 959.)

1. *Indictment and Information; Description of Defendant; Sufficiency.*—Under section 7142, Code 1907, in view of section 9, Constitution 1901, an indictment which does not designate defendant by his full christian name, when the same is known to the grand jury, is insufficient, but an allegation describing defendant as "A. Axelrod, alias E. Axelrod," whose christian name is otherwise unknown to the grand jury, was sufficient on its face.

2. *Same.*—An indictment describing defendant and alleging that his christian name was otherwise unknown to the grand jury is sufficient, when in fact his name was unknown, regardless of the fact that the grand jury by the exercise of reasonable diligence might have ascertained his christian name, since the diligence of the grand jury is a question that may not be inquired into.

3. *Criminal Law; Description of Defendant; Burden of Proof.*—It being presumptively proven that a defendant's christian name is unknown, when so alleged in the indictment, the burden is on defendant to disprove it.

4. *Same; Jury Question.*—Where the evidence is in conflict as to whether the christian name of a defendant was unknown to the grand jury, the indictment alleging such to be the case, whether or not such name was unknown to the grand jury was for the determination of the jury.

5. *Charge of Court; Character.*—A charge asserting that defendant's good character remained with the jury until he was found guilty or acquitted, and must be considered by them, assumed proof of his good character, and is therefore properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

A. Axelrod, etc., was convicted of assault with a weapon, and he appeals.   Affirmed.

The indictment charges that "A. Axelrod, alias E. Axelrod, whose Christian name is to the grand jury unknown, unlawfully, and with malice aforethought, assaulted Walter Berry," etc.

The following charges were refused to the defendant:

(17) "The good character of defendant remains with you until you find him guilty beyond all reasonable doubt, or acquit him, as the case may be."

(18) "The good character of defendant must be considered by you until you find him guilty beyond all reasonable doubt."

(20) "The evidence of defendant's good character must be considered by you, in connection with the other evidence in the case, to determine the defendant's guilt or innocence."

(21) "Evidence of good character of defendant may generate in your mind a reasonable doubt of defendant's guilt."

LETCHER, McCORD & HAROLD, for appellant. Under the evidence appellant was entitled to the affirmative charge because of the fact that the defendant's given name was known to the grand jury, and was not set out in the indictment.—*Winton v. The State,* 90 Ala. 637; *Cheek v. The State,* 38 Ala. 227. The court erred in refusing the charges as to character.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—An indictment must name the defendant whom it is intended to charge with the offense therein alleged, and an omission in this regard will make the indictment bad. Initials are not sufficient.— *Gerrish v. State,* 53 Ala. 476; *Haley v. State,* 63 Ala. 83; *Washington v. State,* 68 Ala. 85. The object of the re quirement of the law in this particular is to safeguard what with us has risen to the dignity of a constitutional right—"that no person shall for the same offense be twice put in jeopardy of life or limb."—Const. of Ala.

1901, § 9. A compliance in the indictment with the re-
quirement mentioned provides definite record evidence
of the identity of the person charged, and thereby af-
fords him protection against future prosecutions for
the same offense, or, if, perchance, he should be so prose-
cuted again, affords him easy, definite, and ample proof
to support a plea of autrefois acquit or autrefois con-
vict in assertion of the constitutional right.   However,
when the name of the defendant is unknown to the
grand jury, the regard of the law for the future con-
venience of the defendant in desiring to furnish him
ready proof of a former conviction or acquittal of the
same offense, should he be subsequently prosecuted
therefor, is not so tender that to afford that convenience
it is willing to permit the ends of justice to be defeated
and the criminal to go unpunished.   In such case he
may still be indicted and tried; and his right to plead
his acquittal or conviction of the offense in defense of a
subsequent prosecution therefor is not thereby denied
or destroyed, though his conveniences for establishing
the fact are lessened, yielding, as the law wisely makes
them do, to the larger interests of socity in general, and
as the necessities of the case demand.—*Reese v. State,*
90 Ala. 627, 8 South. 818.

Section 7142 of the Code thus provides: "The indict-
ment must be certain as to the person charged; but
when his name is unknown to the grand jury, it may be
so alleged without further identification." The indict-
ment in the present case describes the defendant as "A.
Axelrod, alias E. Axelrod, whose Christian name is to
the grand jury unknown," and is sufficient on its face.
—*Winter v. State,* 90 Ala. 637, 8 South. 556; *Wells v.
State,* 88 Ala. 239, 7 South. 272; *O'Brien v. State,* 91
Ala. 25, 8 South. 560; *James v. State,* 115 Ala. 83, 22
South. 565.

However, though the indictment does allege that the "Christian name is unknown," yet, if it be shown on the trial that it was in fact known to the grand jury, there is a fatal variance between the allegation and the proof, and defendant would be, in such case, entitled to an acquittal.—Authorities supra. But in the absence of tesimony impeaching the verity of the allegation the presumption is that the allegation is true; the burden of proof being upon the defendant to rebut it.—*Terry v. State,* 118 Ala. 87, 23 South. 776; *Childress v. State,* 86 Ala. 84, 5 South. 775.

In the present case the evidence is conflicting as to whether or not the grand jury knew the defendant's Christian name; and it was therefore a question for the jury to determine from all the evidence. Hence the affirmative charge requested by the defendant upon this theory was properly refused.

Charge No. 22, refused to the defendant, thus reads: "If the jury believe from the evidence that the grand jury, by the exercise of reasonable diligence, could have ascertained the Christian name of the defendant, you cannot convict the defendant." Whatever be the rule in other states, one contrary to that assumed by the charge prevails here. Long ago, in the case of *Duvall v. State,* 63 Ala. 18, Judge STONE, on this subject, pronounced the following: "When the averment in the indictment is that a name or fact is unknown, such indictment will support a conviction, unless it be shown that such name or fact was known to the grand jury. It is not enough that such name or fact is proved, and therefore made known to the petit jury, or that, by proper diligence, the grand jury could have learned the true name or fact. It is a question of variance between the averments and the proof; and hence the proper inquiry is not whether that important arm of the law's adminis-

[Axelrod v. The State.]

tration employed due diligence. It was a part of their sworn duty to *"diligently inquire"* and true present-ment make; and the law presumes that sworn officials do their duty. The only inquiry is: "Did they falsely affirm a name or fact as unknown to them, when it was known?" This case has ever since been followed by our courts, so far as we find.—*Terry v. State,* 120 Ala. 293, 25 South. 176; *Wells v. State,* 88 Ala. 240, 7 South. 272; *Childress v. State,* 86 Ala. 84, 5 South. 775; *Terry v. State,* 118 Ala. 87, 23 South. 776.

The only other insistence is that the court erred in refusing charges 17, 18, 20, and 21, requested by defend-ant, all of which deal with the question of defendant's good character, and each of which is faulty for several reasons. The first two mentioned (17 and 18) are clear-ly so, pretermitting the discussion of other defects, be-cause they each assume the defendant's good character, when this was a matter for the jury to determine from the evidence, depending upon their belief of the testimo-ny offered to that end. The last two (20 and 21) were objectionable, in that both ignored the question of the jury's belief of the evidence of good character; and one sought to require the jury to give to the mere *evidence* of good character the same consideration, and the other to allow it the same function or office in their delibera-tions, that the law requires them to give and allow only to the good character itself, when found by the jury. If the jury do not believe such evidence of good character, such evidence should cease to be considered, or to play any part, favorable to defendant, in the jury's delibera-tions; and if they do not believe such evidence certainly they should not be required to permit it to generate in their minds a reasonable doubt of defendant's guilt. The charges (20 and 21), respectively, impliedly assert the contrary; for in the one the jury is required to con-

5 CA

sider such evidence in determining the defendant's guilt, ignoring whether they believe it or not, and in the other it is asserted that such evidence may generate a reasonable doubt of guilt; likewise ignoring whether the jury believe it or not. Charge 21 is further faulty for the reason pointed out in the case of *Pate v. State*, 150 Ala. 17, 43 South. 343.

We find no error in the record, and the case is affirmed.

Affirmed.