# Oliveri *v.* The State.

## *Violating Prohibition Law.*

(Decided May 20, 1915.   69 South. 359.)

1. *Pleading; Demurrer; Statute.*—Section 5340, Code 1907, has no application to criminal prosecutions, the chapter in which the section occurs dealing with civil cases.

2. *Same.*—While the court might have refused to examine the plea of misnomer to the indictment because the demurrer did not sufficiently specify the particulars in which it was insufficient, yet if the plea was manifestly insufficient as an answer to the indictment, and the court properly so decided, the appellate court will not reverse its judgment sustaining the demurrer.

3. *Same.*—If no demurrer had been filed to the plea of misnomer or if the demurrer was specific and not general, but was inapt, the plea should not be held bad.

4. *Same; Misnomer; Sufficiency.*—Under section 7142, Code 1907, where the indictment did not purport to charge defendant by his true name, but in legal effect, charged that such name was unknown to

the grand jury, and that he is only known to that body by the name of "Rich Olivere," the defendant's plea of misnomer that such was not his name, but that his name was Richard Oliveri, was insufficient.

5. *Indictment and Information; Sufficiency; Misnomer; Burden of Proof.*—Under section 7142, Code 1907, where the indictment alleges that the grand jury was ignorant of the true name of defendant, such name is wholly immaterial for the purposes of the prosecution unless the proof showed that the grand jury knew defendant's true name when it returned the indictment, and the burden of showing that fact for the purpose of invalidating the indictment rests upon defendant.

6. *Names; Idem Sonans.*—The names "Olivere" and "Oliveri" are idem sonans for all practical purposes.

7. *Charge of Court; Abstract Instructions.*—Where the only evidence bearing upon the knowledge of the grand jury as to the true name of defendant when it returned the indictment, was that a witness told them how he pronounced the name and how he had heard it pronounced, but did not spell it for them, a charge that if the jury found that the true name of defendant was "Rich or Richard Oliveri" and that proof was made before the grand judy as to what his correct name was, and they further believed that the grand jury indicted by the name of "Rich Olivere," then they must find defendant not guilty, was abstract, and properly refused.

8. *Same; Misleading Instructions.*—Where the indictment averred that the name of defendant was otherwise unknown to the grand jury than as given in the indictment, the averment was essential, but under the evidence, it was not necessary for the state to sustain it by proof, that burden being on defendant, a charge that if the state failed to prove every essential averment of the indictment, the jury should find defendant not guilty, was properly refused as misleading.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Rich Oliveri was convicted of violating the prohibition law, and he appeals. Affirmed.

The plea of misnomer is as follows: The defendant avers and says that he is indicted in this case by the name of "Rich Olivere," and says that his name is not "Rich Olivere," and he was never known or called by that name, but that his name is and always was "Richard Oliveri," and that he has always been known and called by that name.

The demurrers interposed were: (1) Same does not constitute a good plea.

(2) "Rich" is mere abbreviation for "Richard."

(3) His name in the indictment is "Rich Olivere," and that the surname "Oliveri" is one and the same in pronunciation and sound.

The following charges were refused to the defendant:

(2) If you find from the evidence that the correct name of the defendant is and always was "Rich or Richard Oliveri," and that proof was made before the grand jury as to what his correct name is and was at the time, and you further believe that the grand jury indicted in the case by the name "Rich Olivere," then you must find the defendant not guilty.

(5) If the state has failed to prove to your satisfaction every essential averment of the indictment in this case, you must find the defendant not guilty.

VAUGHAN & VAUGHAN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

BROWN, J.—The indictment avers that "Rich Olivere, whose name is otherwise unknown to the grand jury," sold spirituous, vinous, or malt liquors without a license and contrary to law. To this indictment the defendant filed a plea of misnomer, averring "that his name is not 'Rich Olivere,' and that he was never known or called by that name, but that his name is and always was 'Richard Oliveri,' and he has always been known and called by that name."

The defendant, testifying in his own behalf, testified that his name was "Rich or Richard Oliveri," and that he had never spelled his name "Olivere." The evidence also shows without dispute that the defendant was known and called by the name of "Richard," and also

[Oliveri v. The State.]

shows without dispute that his surname was pronounced "Olivere." There was no proof offered that the grand jury that returned the indictment had any evidence before it that the defendant's name was otherwise than averred in the indictment.

The court sustained a demurrer to the defendant's plea on the ground, among others, "that same does not constitute a good plea," and he now insists that the sustaining of this demurrer was prejudicial error.

(1) The statute (Code 1907, § 5340) providing, "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be * * * allowed which is not directly stated in the demurrer," has no application to criminal prosecutions. This is manifest from the fact that it is in a chapter of the Code dealing with pleadings in civil cases.

(2) The rule here applicable is thus stated: "To the objection that the demurrer should have been overruled because it did not sufficiently specify the particulars in which the pleas were insufficient we answer: Although the court might for that cause have refused to examine the pleas for defects therein, and have properly overruled the demurrer, yet, if the pleas are manifestly insufficient, and no answer to the indictment, and the court properly so decided, we will not reverse its judgment sustaining the demurrer."—*James v. State,* 53 Ala. 380; *Turk v. State,* 140 Ala. 112, 37 South. 234.

(3) On the other hand, where no demurrer at all is filed, or where the grounds assigned are not general, but specific, and the specific grounds assigned are inapt, it is error to hold the plea bad.—*Coburn v. State,* 151 Ala. 100, 44 South. 58, 15 Am. Cas. 249; *Palmer v. State,* 3 Ala. App. 127, 57 South. 507.

It is true the statute was held applicable in *Pomeroy v. State,* 40 Ala. 63, but that was a civil proceeding against a defaulting witness.

(4, 5) Applying the rule announced in *James v. State, supra,* we hold that the plea was defective, and the demurrer was properly sustained, for the reason that the indictment did not purport to charge the defendant by his true name, but it, in legal effect, alleged that his true name was unknown to the grand jury, and that he was only known to the grand jury by the name of "Rich Olivere." This was a sufficient description of the defendant under our statute (Code, § 7142), and it was wholly immaterial what his true name was, unless the proof on the trial showed that the grand jury knew his true name at the time it returned the indictment. Under the indictment in this form it was an issue in the case as to whether the defendant's name was otherwise unknown to the grand jury than as charged in the indictment, with the burden of proof on the defendant on that issue.—*Lacy v. State, infra,* 69 South. 244; *Childress v. State,* 86 Ala. 77, 5 South. 775; *Axelrod v. State,* 7 Ala. App. 61, 60 South. 959.

(6) Furthermore, it is apparent from the evidence in the case that the defendant could not have sustained his plea. He testified himself that his name was "Rich," and, while the proof showed that he spelled his name "Oliveri," it also showed without dispute that it was pronounced "Olivere." And hence the court holds that the names "Olivere" and "Oliveri" are idem sonans.—*Donnelly v. State,* 78 Ala. 453; *Rooks v. State,* 83 Ala. 79, 3 South. 720; *Caldwell v. State,* 146 Ala. 141, 41 South. 473.

Therefore, conceding that the ruling of the court was erroneous, it is not probable that the error injuriously

affected the defendant's substantial rights.—Supreme Court Rule 45 (175 Ala. xxi, 61 South. ix).

(7) The only evidence given on the trial as to what proof was made before the grand jury as to the defendant's name was that of the witness De Jarnette, who testified: "I have heard people call him 'Olivere.' The name was pronounced 'Olivere.' I don't know whether his name is spelled 'Olivere' or 'Oliveri' or 'Olivera,' but 'Olivere' and 'Oliveri' could certainly be pronounced alike if the final 'e' and the final 'i' both had a short sound. I told the grand jury when I testified before them how I pronounced the name and how I had heard it pronounced, but didn't spell it to them."

This evidence sustained the averments of the indictment, and, in the absence of proof showing that the averments as to the defendant's name were untrue, charge 2, refused to defendant, was abstract and well refused.

(5) As we have stated, in the absence of some proof tending to show that the defendant's true name was known to the grand jury when it preferred the indictment, it was not incumbent upon the state to offer proof that his name was otherwise unknown to the grand jury as charged.—*Childress v. State, supra.* Nevertheless the averment that his name was otherwise unknown was "an essential averment of the indictment," which under the facts of this case it was not necessary for the state to sustain by proof, and therefore charge 5 refused to defendant was calculated to mislead, if not otherwise bad, and was therefore properly refused.

We find no error in the record, and the judgment must be affirmed.

Affirmed.