# Lacy v. The State.

## Embezzlement.

(Decided June 30, 1915.   Rehearing denied July 19, 1915.
69 South. 244.)

1. *Appeal and Error; Review; Record; Matters Shown.*—Where neither the record proper, nor the bill of exceptions set out such motion or disclosed what part of the plea it sought to strike, or what part was in fact stricken, the appellate court could not determine whether the trial court erred in granting the solicitor's motion to strike certain parts of such plea; the defendant having pleaded several special pleas of former jeopardy upon which issue was joined, but declining to offer any evidence in support thereof.

2. *Same; Discretion of Court.*—The granting of a nolle prosse under section 7159, Code 1907, is a matter within the sound discretion of the trial court, and not reviewable; hence, this court cannot review the refusal of the trial court to enforce an agreement to nolle prosse made by the solicitor.

3. *Same; Harmless Error.*—Where the evidence for the state was undisputed, and it is prima facie sufficent to exclude beyond a reasonable doubt every rational hypothesis except that of defendant's guilt, and defendant offered no evidence, the appellate court will not reverse, even if there was error in the examination of some of the state witnesses; rule 45 Supreme Court Practice forbidding such reversal.

4. *Charge of Court; Argumentative.*—Charges asserting that the burden is on the state of proving guilt beyond all reasonable doubt, and that if it had failed to sustain such burden, the defect could not be supplied by guessing what the truth was, and that the verdict must be based on the evidence, and not on guess, speculation, or supposition, are not only argumentative, but also tended to mislead the jury into believing that the court thought the evidence insufficient to sustain a conviction.

5. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written instructions given.

6. *Same; Conformity to Evidence.*—Where there was evidence tending to connect another as an accomplice, the defendant's requested charges that unless there was evidenec showing to a moral certainty that he did not account for money had and received from a third person, he was not guilty, and that the jury must find that the money paid by such third person was neither accounted for by defendant to such accomplice or to the state, was properly refused.

7. *Same; Abstract.*—A requested charge that a mere failure to return money entrusted to an agent without evidence of a fraudulent disposition is not sufficient to constitute the offense of embezzlement, is abstract and properly refused.

[Lacy v. The State.]

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Theo Lacy, alias, was convicted of embezzlement, and he appeals. Affirmed.

The facts and the pleadings sufficiently appear in the case of *Lacy v. The State, infra.* The following charges were refused to the defendant: (21) The court charges the jury that the burden is upon the state to convince you of defendant's guilt to the exclusion of every reasonable doubt, and by evidence that overcomes the presumption of fact that the law surrounds the defendant with that he is innocent of crime; and, if the state has failed to meet this burden, you cannot supply the defect by guessing what the truth is. Your verdict must be based on the evidence introduced in the case, and not on guesses, speculations, or suppositions.

(22) The defendant must be tried on the evidence, and the evidence alone; and unless the evidence and the evidence alone satisfies this jury beyond all reasonable doubt that he knowingly converted the money or a part thereof that was paid by Bernard Frank, then he cannot be convicted.

(23) The law presumes the defendant to be innocent of the commission of the offense charged in the indictment, and this presumption continues to go in favor of the defendant until the evidence convinces you beyond a reasonable doubt of his guilt, and you cannot find the defendant guilty.

(Z E) The law presumes that every person does his duty, and, unless there is evidence that shows to a moral certainty that the defendant did not account to J. G. Oakley for the money received from Frank, then the jury should acquit the defendant.

[Lacy v. The State.]

(Z H) A mere failure to return money intrusted to an agent without evidence of a fraudulent conversion or disposition is not sufficient to constitute the crime of embezzlement.

(M C) The defendants should not be tried on suspicion or suppositions, but upon the evidence, and the evidence alone, and unless this evidence, and this evidence alone, makes it morally certain that the defendant is guilty, he should be acquitted.

( X Y Z) Before the jury can convict the defendant, they must believe beyond a reasonable doubt from the evidence that the money paid by Frank was neither accounted for by Lacy to Oakley, to the state, nor deposited in any bank to the credit of the convict' department.

RUSHTON, WILLIAMS & CRENSHAW, and HILL, HILL, WHITING & STERN, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.—All questions raised as to the insufficiency of the indictment were, it is conceded by appellant's counsel, determined adversely to this same appellant on his appeal in a companion case, wherein the indictment contained counts framed practically the same as here, and which were demurred to on grounds likewise practically the same as here. In holding, therefore, that the court did not err in overruling the demurrers, it is unnecessary to indulge in any discussion of the counts now attacked or of the demurrers attacking them, but it will be sufficient to cite, which we do, the case referred to, wherein our views as to these matters are fully expressed.—*Theo. Lacy v. State, infra,* 68 South. 706.

(1) The record discloses that the defendant pleaded the general issue and a number of special pleas of former jeopardy, upon which issue was joined by the state and a separate verdict returned against defendant, who declined in open court to offer any evidence in support of said pleas. No demurrers were filed to any of said pleas, but the judgment entry recites that the solicitor made a motion to strike certain portions of these pleas, which motion was granted. Whether the court erred in doing so we are unable to determine, since neither the record proper nor the bill of exceptions sets out said motion nor discloses what portion of the pleas it sought to strike or what portion the court, in fact, struck.

(2) Complaint is also made as to the action of the trial court in declining to enforce an alleged agreeement of the solicitor to nol. pros. the case. No nol. pros. can be taken without the consent of the trial court (Code, § 7159), and as to whether it should or not give such consent is a matter resting within its sound discretion, which cannot be reviewed.

(3) The defendant introduced no evidence whatsoever. The evidence for the state was, consequently, undisputed; and it—the legal evidence—being, as it was sufficient, if believed, to exclude beyond a reasonable doubt every rational hypothesis except that of defendant's guilt, and there being nothing, so far as appears, to cast any discredit whatever upon it, we would not feel justified under the new rule of our Supreme Court (rule 45, as published in 175 Ala. xxi, 61 South. ix) in reversing the judgment of conviction, even if we were of opinion that the court erred in some of its rulings in not sustaining objections interposed by defendant to some of the questions asked some of the state's witnesses by the solicitor and to some of their answers thereto. We

cannot say, as we are required to say by the new rule as a condition to a reversal, that either of these rulings, if error, "has probably injuriously affected substantial rights" of the defendant; hence we deem it unnecessary to discuss the several rulings of the court on the evidence as are complained of, especially since they present no questions either new or novel, and have received only scant attention in appellant's brief.

　· We will pass, therefore, to a consideration of the re-fused charges, confining our discussion, however, to those only of these charges that are insisted upon in brief, to wit, charges numbered 21, 22, 23, Z E, Z H, M C, and X Y Z, contenting ourselves with saying as to the others—those not so insisted upon—that they are so clearly without merit as not to require discussion to demonstrate that fact.

　(4) The last sentence in charge 21, to the effect that the verdict of the jury "must be based on the evidence introduced in the case, and not on guesses, speculations, or suppositions," as well as the former sentence that the jury cannot supply defects in the evidence "by guess-ing what the truth is," renders the charge bad as being argumentative and as tending to mislead the jury into believing that the court entertained the idea that the evidence was not sufficient to sustain a conviction.— *Brown v. State,* 142 Ala. 287, 38 South. 268; *Brown v. State,* 150 Ala. 25, 43 South. 194; 1 Mayf. Dig. 173; 5 Mayf. Dig. 127; 6 Mayf. Dig. 111.

　Charge 22 was objectionable for the same reason, con-taining, as it did, a statement that the defendant "must be tried on the evidence, and on the evidence alone, and that unless the evidence, and the evidence alone, satis-fies this jury," etc., then defendant cannot be convict-ed. The same may be said of charge M C, which asserts

that "the defendant should not be tried on suspicion or suppositions, but on the evidence, and the evidence alone, and that unless the evidence alone" convinced the jury of defendant's guilt, etc., he should be acquitted.

(5) Assuming the correctness of charge 23, no reversal can follow for its refusal, because the only propositions asserted in the charge, to wit, the legal presumption of defendant's innocence, and the necessity for unanimity of belief on the part of the jury as to defendant's guilt, and the degree of proof required, are fully covered by given charges 25 and 27.—*Davis v. State*, 8 Ala. App. 147, 62 South. 1027.

(6) Charge Z E was properly refused in the light of the evidence tending to connect Oakley as an accomplice in the commission of the effense and in the light of the charge embraced in counts 1, 7, 8, and 9 of the indictment. For the same reason, charge X Y Z was properly refused.

(7) Charge Z H, if not otherwise faulty, was so, as being abstract.

We find no reversible error in the record, and the judgment of conviction is affirmed.

Affirmed.

PELHAM, P. J. not sitting.