(78 South. 316)

JAMES v. STATE. (6 Div. 368.)

(Court of Appeals of Alabama. Feb. 26, 1918.)

1. CRIMINAL LAW ☞296—TRIAL—DISPOSITION OF PLEAS — WAIVER OF IRREGULARITY.

While the issue on the plea of former jeopardy should properly be determined before other proceedings, yet defendant in a misdemeanor case interposing that plea and one of guilty, and going to trial on both at the same time, without objection, waives the irregularity.

2. INDICTMENT AND INFORMATION ☞81(1) — PLEA OF MISNOMER.

Plea of misnomer will not lie, where the charging affidavit states defendant's name is otherwise unknown.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Lee Anna James was convicted, by the judge without a jury, of the offense of violating the prohibition law, and from the judgment she appeals. Affirmed.

G. P. Benton, of Bessemer, for appellant. F. Loyd Tate, Atty. Gen., and Ben G. Perry, of Bessemer, for the State.

SAMFORD, J. [1] The defendant filed her plea of former jeopardy, and contends that the issue on this plea should have been determined by the court before other proceedings were had. This is the proper practice, but where the defendant interposes both the plea of former jeopardy and not guilty in case of misdemeanor, and goes to trial on both at the same time, as was done in this case, without objection, he waives the irregularity. Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496.

[2] After filing the plea of former jeopardy, the defendant filed a plea of misnomer, alleging that her true name was Lee Anna James and not Leona Gray, as alleged in the indictment. The affidavit charged Lee Anna

James, whose name is otherwise unknown. The plea was demurred to and the demurrer sustained. In this ruling the court was not in error. Oliveri v. State, 13 Ala. App. 348, 69 South. 359, and authorities there cited.

The questions of the plea of former jeopardy and of the guilt of the defendant vel non were questions of fact for the trial judge, upon the evidence, which was in conflict, and we are not willing to say that the court erred in its findings.

We find no error in the record, and the judgment is affirmed.

Affirmed.