(85 South. 864)

BUTLER v. STATE. (5 Div. 323.)

(Court of Appeals of Alabama. June 22, 1920.)

1. INDICTMENT AND· INFORMATION ⊕⟞184 — CHARGING DEFENDANT BY INITIALS OF CHRISTIAN NAME INSUFFICIENT, WHERE NAME IN FACT KNOWN TO GRAND JURY.

Where, in a prosecution for embezzlement, the indictment designated defendant by the initial letters of his Christian name, which was followed by the allegation, "whose Christian name is to the grand jury unknown," and there was uncontradicted evidence that the grand jury did know the Christian name of defendant, the indictment is insufficient to sustain a conviction.

2. EMBEZZLEMENT ⊕⟞38—REPORT OF EXAMINER OF PUBLIC ACCOUNTS HELD ADMISSIBLE ONLY SO FAR AS PERTAINING TO ISSUES.

In a prosecution of a circuit court clerk for embezzlement, where a report of the examiner of public accounts made prima facie evidence of what it charged, by Code 1907, § 547, as amended by Acts 1911, pp. 492, 493, but containing irrelevant matters was sought to be introduced, such report was improperly admitted; it not being limited to matters germane to the issues.

3. WITNESSES ⊕⟞271(1) — DEFENDANT MAY CROSS-EXAMINE AS TO REPORT OF EXAMINER OF PUBLIC ACCOUNTS ALLOWED IN EVIDENCE.

In a prosecution of a circuit court clerk for embezzlement, wherein it was sought to introduce a report of the examiner of public accounts made prima facie evidence, by Code 1907, § 547, as amended by Acts 1911, pp. 492, 493, defendant had a right to cross-examine as to matters contained in the report and allowed in evidence.

4. EMBEZZLEMENT ⊕⟞26 — INDICTMENT HELD SUFFICIENT.

In a prosecution of a circuit court clerk for embezzlement, a count of the indictment *held* sufficient as against demurrer.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

W. A. Butler was convicted of embezzlement, and he appeals. Reversed and remanded.

The defendant was tried upon the third count of the indictment as follows:

"The grand jury of said county further charge that before the finding of this indictment, W. A. Butler, whose Christian name is to the grand jury unknown, being at the time a public officer of the county of Elmore, state of Alabama, to wit, circuit court clerk, knowingly converted to his own use money received by him in his

official capacity to about the amount of $1,067, which had been received in his official capacity as aforesaid."

Holley & Milner and Smoot & Morrow, all of Wetumpka, for appellant.

The indictment was subject to. the demurrers. 72 Ala. 272; 95 Ala. 41, 11 South. 158, 134 Ala. 449, 33 South. 226; 177 Ind. 483, 97 N. E. 113, Ann. Cas. 1914D, 1306. The questions propounded to the examiner called for a conclusion of the witness on a matter material to the issue. 14 Ala. 743; 38 Ala. 26; 143 Ala. 618, 39 South. 361; 167 Ala. 365, 52 South. 640. The other questions called for a confession, before proof of the corpus delicti. 55 Ala. 187. The examiner's report was not admissible. Section 6, Const. 1901.

J. Q. Smith, Atty. Gen., and Henry P. White, Asst. Atty. Gen., for the State.

The indictment was entirely sufficient. 13 Ala. App. 212, 68 South. 706; 193 Ala. 677, 69 South. 1018. If there was any error in admitting the confession, it was cured by subsequent testimony. 51 Ala. 466. The statutes expressly permit the introduction of the sworn report of the public examiners. Section 547, Code 1907, as amended by Acts 1911, p. 492.

BRICKEN, P. J. The indictment in this case designated the defendant by the initial letters of his Christian name, to wit, W. A. Butler, which was followed by the allegation, "whose Christian name is to the grand jury unknown." This last averment is not borne out by the evidence in this case. To the contrary, it affirmatively appears that both of the witnesses who appeared before the grand jury and testified in this case testified that the Christian name of the defendant was Anderson Butler. Examiner of Public Accounts J. H. Craig testified on cross-examination:

"I stated to the grand jury that the defendant was known around the courthouse as 'Anderson Butler.' * * * I said he was known to the people around here as Anderson Butler."

Judge Lamar Smith also testified that he appeared before the grand jury in this case, and testified as to the name of the defendant, and "that he testified that he knew him as Anderson Butler, * * * and that he knew his initials were W. A. Butler."

The solicitor whose name is signed to the indictment, and who was with the grand jury during its investigation of this case, also testified upon the trial of the case that:

"Mr. Craig testified before the grand jury that the defendant was called Anderson Butler. * * * I think, perhaps, Mr. Craig stated that he was generally known as Anderson Butler. * * * Judge Lamar Smith also testified before the grand jury."

The evidence, therefore, conclusively shows that the defendant's Christian name is Anderson Butler, and the evidence is without dispute that the grand jury knew this fact.

It has been repeatedly held in this state that it is not allowable to designate in an indictment the person charged therein with the commission of a criminal offense by the initial letters of his name when his true name is known, and that an indictment so designating him is subject to a plea in abatement, unless it also avers that the true name is otherwise unknown to the grand jury. But notwithstanding the indictment, which designates appellant by the initial letters of his Christian name, contains the requisite averment that his Christian name is otherwise unknown to the grand jury, which renders it sufficient on its face (Code 1907, § 7142), he may escape conviction by proving on the trial the falsity of the averment. It becomes a question of variance between averment and proof; and, if the evidence adduced shows that his true name was in fact known to the grand jury, a conviction cannot be had on the indictment. The rule is clear that

"When a fact or name is known or proved to the grand jury, there is no warrant in the law for averring such fact or name is unknown; * * * but, when it appears on the trial that the fact or name was known, a conviction on such an indictment should not be allowed." Duvall v. State, 63 Ala. 13; Wells v. State, 88 Ala. 239, 7 South. 272.

In the Wells Case, supra, it was held, in respect to an averment that the name was unknown, the indictment will not support a conviction when it is shown that the defendant's true name was known to the grand jury.

[1] As before stated, the evidence of the witnesses introduced by the state to prove the commission of the offense shows that the Christian name of defendant was proved and known to the grand jury. Such being the evidence, the court erred in giving the general affirmative charge in favor of the state, and also erred in refusing to give at the request of the defendant the two special unnumbered charges on this question. Jones v. State, 63 Ala. 27; Gerrish v. State, 53 Ala. 476.

Over the objection of defendant, the court allowed the state to introduce into evidence a lengthy report of the examiner of public accounts. The report in question dealt, or purported to deal, with practically all of the affairs of the office of the clerk of the circuit court of Elmore county from the year 1911 up to and including the year 1917. This report contained, it might be said, multitudinous matters not germane or relevant to the issues involved in this case. It contained recommendations of the examiner upon many subjects addressed to the Governor; it de-

tailed numerous conversations, compromises, and items not involved in this case; it also contained statements relating to derelictions upon the part of former examiners of public accounts, and of the solicitors of the circuit in not making reports of convictions, etc.; and from a careful examination thereof it would appear difficult indeed to determine just what items of the report, if any, which related to the alleged fraudulent conversion of sums of money by the defendant in his capacity as circuit clerk as charged in the indictment. While the statute (Code 1907, § 547, as amended by Acts 1911, pp. 492, 493) provides that, "Reports of examiners shall be prima facie evidence of what they charge," it is manifest that this provision does not and could not enlarge upon the rule of evidence which provides that the evidence must be confined to the points in issue, alike in civil and in criminal cases, and facts and circumstances which when proven are incapable of affording any fair, just, and reasonable presumption or inference, in reference to a material fact or inquiry involved in the issue, cannot be given in evidence. Gassenheimer v. State, 52 Ala. 318.

The objection to the introduction of the examiner's report in the instant case was not based upon the grounds here discussed, but upon the grounds that said act, supra, is in violation of section 6 of the Constitution of 1901, which provides, among other things, "that in all criminal prosecutions, the accused has a right * * * to be confronted by the witnesses against him." Without expressing our views upon this question we are of the opinion that at any rate, in the instant case, the objection could not obtain, and must fail for the reason that the examiner of public accounts, the author and writer of the report in question, did appear and testify as a witness, and the report, if not otherwise objectionable, could properly be admitted in evidence in connection with the testimony of the examiner of public accounts while this witness was on the stand. By this means the defendant would not be deprived of the right of cross-examining the witness upon any and all matters contained in the report. This right is accorded the defendant by the statute (Code 1907, § 4017), which provides:

"The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. If several parties to the same case have distinct interests, each may exercise this right."

Without deciding that the statute so provides, the propriety of allowing the reports of the examiner in evidence, without the opportunity of cross-examination, would be a question of considerable moment and of grave doubt.

[2, 3] It is our opinion, therefore: (1) That the report should contain no matters foreign to the issues involved, or, if such matters were incorporated in the report, the introduction in evidence thereof should be limited strictly to such matters as were relevant and germane to the issues; and (2) that the defendant should not be deprived of his right of cross-examination upon matters contained in the report and allowed in evidence.

[4] Count 3 of the indictment is identical with count 1, approved in the case of Lacey v. State, 13 Ala. App. 212, 68 South. 706, and the court did not therefore err in overruling the demurrers interposed thereto.

Various other questions presented upon this appeal need not be considered here, as in all probability many of the questions may not occur upon another trial of this case.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.