184 So. 288

**BRYANT et al. v. STATE.**

**8 Div. 712.**

Court of Appeals of Alabama.

Nov. 8, 1938.

364

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the county court, wherein these two appellants were charged by affidavit and warrant with the offense of petit larceny. They were each convicted, as charged, in the county court, whereupon both of them appealed to the circuit court, and by mutual consent were tried by the same jury with the understanding that a separate verdict be rendered in each case.

In the circuit court the two defendants were tried upon complaints filed by the circuit solicitor charging them with the same offense for which they were tried and convicted in the county court. To said complaints the defendants interposed their respective pleas of "not guilty," they were each found guilty, and the record discloses that the jury assessed a fine of one dollar against each of the defendants. Failing to pay the fines and costs of the proceedings, or to confess judgment therefor, the court, rendering two separate and

H. H. Conway, of Albertville, and Wm. C. Rayburn, of Guntersville, for appellants.

distinct judgments, duly sentenced each of them to hard labor for the county for ten days (each) to pay the fines, and to a sufficient statutory number of days for each of them to pay their respective costs. In addition to the foregoing, the trial judge added three months' hard labor to be served by each of the defendants.

From the two judgments of conviction this appeal was taken.

On this appeal there appears no contention, so far as the appellant Caldwell Bryant is concerned, that there was any irregularity in any of the proceedings in the courts below.

But the insistence is made, for the first time on this appeal, that as to appellant Steeple Bryant the original affidavit was void and of no force and effect in that it was made before one Gordon Terrell, a Notary Public, and returnable to the county court. The insistence in this connection being that Terrell is a mere commercial Notary Public and had no authority to take said affidavit and issue his warrant thereon.

The foregoing insistence cannot be sustained, and appellant's able counsel are in error in stating that said Gordon Terrell is merely a commercial Notary and not a Notary Public and ex officio Justice of the Peace. The public records, to which reference has been had, disclose that Gordon Terrell of Marshall County, Alabama, was appointed to the office of a Notary Public and ex officio Justice of the Peace on January 11, 1935; of this, therefore, we take judicial knowledge, and likewise of the fact that his term of office continues and will not expire until four years after the date of his appointment. A Notary Public and ex officio Justice of the Peace is a judicial officer, and as such has the power and authority to authorize or commence this prosecution in the county court by the affidavit and warrant aforesaid. Harper v. State, 109 Ala. 66, 19 So. 901. The said Gordon Terrell as Notary Public and ex officio Justice of the Peace was invested with the jurisdiction of a Justice of the Peace, Code 1923, Section 9255; and however proper it would have been, it was not necessary to give validity to his acts and precepts as magistrate, that he should add that title, or the words "ex officio Justice of the Peace" to his official signature as Notary Public. Coleman v. State, 63 Ala. 93.

No further discussion on this point is necessary, but see our case of Williams v. State, 23 Ala.App. 365, 367, 125 So. 690.

The next contention is to the effect that there was a mistake made in the original affidavit, and otherwise, as to the name of the defendant Steeple Bryant, which, of necessity, appellant insists, must result in a reversal of this case, not only as to appellant Steeple Bryant, but also as to the other appellant. They insist in brief, to-wit: "The defendants having been convicted jointly this appeal should work a reversal in the case of each appellant." This insistence is untenable in its every aspect:

As stated hereinabove, the defendant Steeple Bryant interposed his plea of "not guilty" to the complaint or affidavit in the county court, and likewise a similar plea to the complaint filed by the Solicitor in the circuit court on appeal. No objection by plea in abatement, demurrer or otherwise, was at any time interposed; this question as to a mistake in his given name is raised for the first time on this appeal and cannot avail the appellant Steeple Bryant, for a plea of not guilty in a criminal case is a waiver of misnomer in the statement of the defendant's name in the affidavit or complaint and is an admission that the name by which he is charged is his true name. Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17. Such plea has the effect of conferring jurisdiction of the person which may be done by consent. There is no question involved as to the court having jurisdiction of the subject matter.

The evidence adduced upon the trial was in sharp conflict. There was ample evidence to justify the court in submitting this case to the jury, therefore no error prevailed in the action of the court in overruling defendant's motion to exclude the evidence and discharge the defendants.

The insistence to the effect that the court erred in sentencing the defendants to hard labor for the county is wholly without merit. The action of the court in this connection was correct. Busbee v. State, 25 Ala.App. 328, 146 So. 286, and cases therein cited.

No error appearing in any of the rulings of the court, and the record proper being regular in all respects, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.