43 So.2d 414

### McKINNON v. STATE.

5 Div. 273.

Court of Appeals of Alabama.

June 21, 1949.

Rehearing Denied July 19, 1949.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

Jacob A. Walker and R. C. Smith, of Opelika, for appellant.

HARWOOD, Judge.

This appellant was indicted for murder in the second degree, he being named and designated in the indictment as "Arthur McKinnon, whose name is otherwise unknown to the grand jury."

Appellant filed a plea of misnomer to the indictment, to which demurrers were sustained.

He then filed a verified plea of misnomer which was in the form prescribed by the Code, see Sec. 288 (4), Title 15, Code of Alabama 1940, with an additional averment, which is underscored in the copy of the plea, which we will now set out:

"Plea Of Misnomer No. 2

"Comes the Defendant in his own proper person and by attorney and for plea of misnomer says:

"His true name is Arthur Kinnon and not Arthur McKinnon as alleged in the indictment; and that he has never been known or called by the name of Arthur McKinnon; *and he denies the averment in the indictment that his name was unknown to the*

540

*Grand Jury otherwise than as there averred.*

"(signed) Arthur Kinnon
"(signed) Jacob A. Walker
Attorney for the Defendant.

"Sworn to and subscribed before me by Arthur Kinnon this the 10th day of November, 1948.

"(signed) W. O. Brownfield, Clerk"

The Solicitor then filed a motion to strike the above plea, and also a motion to strike from said plea the allegation "and he denies the averment in the indictment that his name was unknown to the grand jury otherwise than as there averred."

The grounds for the motion to strike the above averment were that said allegation was immaterial to the issue of this cause, immaterial to the issue of misnomer, and constituted no grounds of abatement.

The court granted the State's motion to strike the said averment.

The court then granted the State's motion to strike the plea of misnomer, which motion assigned as grounds "(1) The indictment alleges that the defendant's name is otherwise unknown to the Grand Jury," and "(2) Said plea of Misnomer Number 2 is no cause of abatement of trial under indictment in this case wherein it is alleged that the defendant's name is otherwise unknown to the Grand Jury."

In the judgment entered by the lower court it is stated that plea of Misnomer Number 2 was stricken "according to Hughes v. State, 22 Ala.App. 344, 115 So. 697."

The entire opinion in the Hughes case, supra, is as follows:

"Rice, J. Appellant was indicted, under the name 'Zode P. Hughes, alias Zode Hughes, whose name is otherwise unknown to the grand jury than as stated,' for the offense of keeping open store (not being a druggist) on Sunday. He was tried by the court without a jury and found guilty.

"Defendant filed a plea of misnomer, and offered evidence to show his true name to be Zole P. Hughes, and that he had never been called by the name of Zode P. or Zode Hughes. There is no doubt, from the evidence 'Zode' and 'Zole' Hughes were one and the same man. *There was no evidence impeaching the verity of the allegation that defendant's true name was unknown to the grand jury.*

"Under the form of indictment here considered, defendant's true name was immaterial, in the absence of proof that the grand jury did know his true name at the time of returning the indictment. *The issue was whether the defendant's name was otherwise unknown to the grand jury,* with the burden of proof on the defendant. The plea of misnomer is not proper in a case such as this. Oliveri v. State, 13 Ala.App. 348, 69 So. 359; Axelrod v. State, 7 Ala.App. 61, 60 So. 959.

"No error appearing, the judgment is affirmed.

"Affirmed. (Italics ours)."

In the Axelrod case, supra [7 Ala.App. 61, 60 So. 960], referred to in the Hughes opinion is found the following statement:

"Section 7142 of the Code [Code 1940, Tit. 15, § 240] thus provides: 'The indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification.' The indictment in the present case describes the defendant as 'A. Axelrod, alias E. Axelrod, whose Christian name is to the grand jury unknown,' and is sufficient on its face. Winter v. State, 90 Ala. 637, 8 So. 556; Wells v. State, 88 Ala. 239, 7 So. 272; O'Brien v. State, 91 Ala. 25, 8 So. 560; James v. State, 115 Ala. 83, 22 So. 565.

"However, though the indictment does allege that the 'Christian name is unknown,' yet, if it be shown on the trial that it was in fact known to the grand jury, there is a fatal variance between the allegation and the proof; and defendant would be, in such case, entitled to an acquittal. Authorities supra. But in the absence of testimony impeaching the verity of the allegation the presumption is that the allegation is true; the burden of proof being upon the defendant to rebut it. Terry v. State, 118 Ala. [79] 87, 23 So. 776; Childress v. State, 86 Ala. [77] 84, 5 So. 775."

Likewise in the Oliveri case [13 Ala.App. 348, 69 So. 360], mentioned in the Hughes

case, supra, the plea of misnomer was as follows:

"The defendant avers and says that he is indicted in this case by the name of 'Rich Olivere,' and says that his name is not 'Rich Olivere,' and he was never known or called by that name, but that his name is and always was 'Richard Oliveri,' and that he has always been known and called by that name."

In holding that the above plea was insufficient, this court, through Brown, J., wrote: "It is true the statute was held applicable in Pomeroy v. State, 40 Ala. 63, but that was a civil proceeding against a defaulting witness.

"Applying the rule announced in James v. State, supra, we hold that the plea was defective, and the demurrer was properly sustained, for the reason that the indictment did not purport to charge the defendant by his true name, but it, in legal effect, alleged that his true name was unknown to the grand jury, and that he was only known to the grand jury by the name of 'Rich Olivere.' This was a sufficient description of the defendant under our statute (Code, § 7142), and it was wholly immaterial what his true name was, unless the proof on the trial showed that the grand jury knew his true name at the time it returned the indictment. Under the indictment in this form it was an issue in the case as to whether the defendant's name was otherwise unknown to the grand jury than as charged in the indictment, with the burden of proof on the defendant on that issue. Lacy v. State [infra, 13 Ala.App. 267], 69 So. 244; Childress v. State, 86 Ala. 77, 5 So. 775; Axelrod v. State, 7 Ala.App. 61, 60 So. 959."

In Winter v. State, 90 Ala. 637, 8 So. 556, 557, no plea in abatement was filed to the indictment, which had described the defendant as J. H. Winter, whose true Christian name is unknown otherwise. On the trial one of the State's witnesses testified that he knew the defendant was called "Joe Winter." The court, concerning this point, wrote:

"In Gerrish v. State, 53 Ala. 476, it was ruled, that it is not allowable to designate in an indictment the person charged therein with the commission of a criminal offense, by the initial letters of his name, when his true name is known; and that an indictment so designating him is subject to plea in abatement, unless it also avers that the true name is otherwise unknown to the grand jury. But, notwithstanding the indictment, which designates appellant by the initial letters of his Christian name, contains the requisite averment that his true Christian name is otherwise unknown to the grand jury, which renders it sufficient on its face—not subject to plea in abatement—he may escape conviction by proving on the trial the falsity of the averment. It becomes a question of variance between averment and proof, and, if the evidence adduced shows that his true name was in fact known to the grand jury, a conviction cannot be had on the indictment. It was so held in Duvall v. State, 63 Ala. 13, where it is said: 'One rule is clearly declared in all the cases—that, when a fact or name is known or proved to the grand jury, there is no warrant in the law for averring such fact or name is unknown. Such form of averment may be supposed to give greater latitude of proof; but, when it appears on the trial that the fact or name was known, a conviction on such indictment should not be allowed.' This rule was reasserted, in respect to an averment that the name was unknown, in the case of Wells v. State, 88 Ala. 239, 7 So. 272 and it may be regarded as settled that, when the defendant shows that his true name was known to the grand jury, the indictment will not support a conviction."

In Glenn v. State, 26 Ala.App. 264, 158 So. 198, 199, the defendant was designated in the affidavit as "J. R. Glenn, whose name is to affiant otherwise unknown." The evidence on the trial disclosed without dispute that defendant was known to affiant as John Glenn. Concerning this this court wrote: "In all criminal prosecutions, the name of the person charged must be properly stated. In other words, the process, indictment, or affidavit and warrant, upon which a person is put to trial in a criminal prosecution, must be certain as to the person charged; but where his name is unknown, it may be so alleged, and when it is so alleged, a plea in abatement will not be in point. If it should develop upon the trial that

the allegation 'whose name is otherwise unknown' is untrue, and that the true name of the accused was known to the grand jury, in cases of indictment, or was known to the affiant upon whose affidavit the prosecution rested, a fatal variance would appear, and, if taken advantage of in a proper manner, a conviction on such process should not be allowed. Butler v. State, 17 Ala.App. 511, 85 So. 864."

In Sawyer v. State, 26 Ala.App. 434, 162 So. 314, 315, certiorari denied 230 Ala. 574, 162 So. 317, the seventh ground of the motion to strike defendant's plea of misnomer, and the only ground considered in the opinion, was "Because it is not denied that the defendant's name was unknown to the grand jury other than as stated in the indictment." In writing to the above point this court said:

"The motion to strike the plea was based upon eight specific grounds, some of which, notably ground 7, was well taken, therefore the court's action in this connection must be sustained.

"It will be noted the indictment in this case conforms to the provisions of section 4537 of the Code 1923 [Code 1940, Tit. 15, § 240], as to the name of defendant Lynum. It is therein provided: 'The indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification.' The following authorities sustain the trial court's action in striking the plea. Axelrod v. State, 7 Ala.App. 61, 60 So. 959; Oliveri v. State, 13 Ala.App. 348, 69 So. 359, and cases cited; Glenn v. State, 26 Ala.App. 264, 158 So. 198; Hughes v. State, 22 Ala.App. 344, 115 So. 697. The cases cited by appellant's counsel, to wit, Benton v. State, 24 Ala.App. 441, 136 So. 428, and others, differ from the case at bar, in that the indictment in those cases did not contain the allegation, 'whose name is to the grand jury otherwise unknown.'"

In Crow v. State, 28. Ala.App. 319, 183 So. 897, 898, after remandment, this court held that it was error to refuse to permit the defendant in the trial below to introduce evidence tending to show that witnesses before the Grand Jury identified the defendant as William, or Will Crow, the defend-ant having been indicted as "W. W. Crow, whose Christian name is to the Grand Jury otherwise unknown," since identification of the accused is one of the material facts to be averred, and if the fact be shown on the trial that the Grand Jury did know the true name of accused it is the duty of the court not to allow a conviction on that indictment.

The resulting doctrine of the above cases, as we interpret them, is that where an indictment contains the phrase "whose name is to the Grand Jury otherwise unknown" following an indictee's name, then a plea of misnomer following the form prescribed in the Code is unavailing, apparently for the reason that the Code form of the plea does not traverse or deny the allegation that defendant's name was to the grand jury otherwise unknown. See Sawyer v. State, supra.

It appears that the effect of the above decisions is to make inapt and unavailing a plea of misnomer in the Code form except in those cases where the phrase "whose name is otherwise to the Grand Jury unknown" is omitted from the indictment.

The present plea of misnomer however goes further and specifically sets forth that the defendant "denies the averment in the indictment that his name was unknown to the grand jury otherwise than as there averred."

■■ If the State's contention that said averment does not, or should not, affect the application of the doctrine of the Glenn, Crow, Hughes, Oliveri, Axelrod, and Winter cases, supra, it would appear that to all intents and purposes there could never be filed in this state a valid plea of misnomer. We do not think such is the law, particularly in light of the language of Bouldin, J., in Ward v. State, 242 Ala. 307, 6 So.2d 394, 395, wherein he wrote:

"A misnomer of a defendant in an indictment is matter for plea in abatement. A plea of not guilty, and entry upon the trial on such plea, is an admission that defendant is indicted by his or her true name, and is a waiver of misnomer, if any. Miller v. State, 54 Ala. 155; Wells v. State, 88 Ala. 239, 7 So. 272; Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17; Nettles v. State, 222 Ala. 236, 132 So. 41; Gerrish

v. State, 53 Ala. 476; Bryant v. State, 28 Ala.App. 363, 184 So. 288; 1 Bishop Crim. Practice, § 677; 27 Am. Juris. p. 733, § 187; Tit. 15, §§ 279, 280, 288 (Form 4) Code of 1940.

"We have a line of cases holding that an indictment in the form here presented, designating the name of defendant, followed by the precautionary averment that the true name is to the grand jury otherwise unknown, if it develops on the trial upon a plea of not guilty that the name alleged is not the true name and the grand jury did, in fact, know the true name, a conviction should not be allowed on such indictment, because of variance between averment and proof. Winter v. State, 90 Ala. 637, 8 So. 556; Wells v. State, supra.

"These cases seem to apply the same rule as to variance applicable to misnomer of a third person, or misdescription of an object, required to be averred in an indictment, proof of which becomes part of the State's case.

"In Gerrish v. State, 53 Ala. 476, cited in Winter v. State, supra, there was a plea in abatement. Duvall and Pelham v. State, 63 Ala. 12; Terry v. State, 118 Ala. 79, 23 So. 776; Canty v. State, 238 Ala. 384, 191 So. 260, and many others dealt with variance between allegation and proof as to names of third persons, or in the description of articles &c.

"Mr. Bishop draws a distinction between these cases and cases involving a misnomer of the defendant. 1 Bishop on Crim. Practice, § 667. Obviously, the accused has full knowledge of his true name. Whether the holding of Winter v. State, supra, is in conflict with the rule that the plea of not guilty is an admission that defendant is indicted by his true name, and the rule as to variance should be limited to names of third persons, &c., is not necessary to the decision of this case. Such inquiry is not involved."

 It is our conclusion that one plea of misnomer filed by the defendant in this case was a good plea, and that the trial court erred in striking the averment "and he denied the averment in the indictment that his name was unknown to the grand jury otherwise than as there averred." It is this very averment that saves the plea from the operation of the case cited above, and gives to the plea a validity by traversing an allegation in the indictment which was not traversed in those cases cited above which hold that a plea of misnomer, in Code form, is improper where the indictment contains the allegation that a defendant's name is to the grand jury otherwise unknown.

 It would appear under two earlier decisions of this state that where a valid plea of misnomer is interposed that a defendant is entitled to a trial on his plea of misnomer separate from a trial on the issues of his guilt. Davis v. State, 136 Ala. 129, 33 So. 818; Tucker v. State, 152 Ala. 1, 44 So. 587. In view of Justice Bouldin's statement in Ward v. State, supra, that "A plea of not guilty, and entry upon the trial on such plea, is an admission that defendant is indicted by his or her true name, and is a waiver of misnomer, if any," we think that the rule announced in Davis v. State and Tucker v. State, supra, must still be considered as effective. This being so, we do not think the principle of error without injury properly applicable to the question now before us.

For the reasons above set forth it is our conclusion that this cause must be reversed and remanded, and it is so ordered.

Reversed and remanded.

BRICKEN, Presiding Judge, not sitting.